CARROLL L. DUDLEY vs. THE CITY OF NEW BRITAIN.

First Judicial District, Hartford, October Term, 1904.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, Js.

In an action to recover damages for unlawfully polluting a stream by sewage and thereby injuring the plaintiff's grist-mill, the depreciation in the rental or usable· value of such property, due to the wrongful act of the defendant, may be ascertained without determining with mathematical certainty the precise difference in that value before and after the pollution. The amount of damage in such case is intrinsically approximate, depending largely on the sound judgment of the trier, and it is sufficient if the evidence furnishes data from which its amount may be inferred with reasonable certainty and without resort to mere conjecture. Nor is it essential to a valid ascertainment of such damage, that evidence of the opinion of the neighborhood as to the rental value of the property should be introduced.

In the present case the defendant claimed that the trial court could not apply this rule because of a lack of evidence, and, for the same reason, that it could not arrive at any proper estimate of the plaintiff's damage. *Held* that in the absence of the evidence—none of which was printed in the record—these claims could not be sustained, since the facts found did not necessarily indicate that no evidence could have been produced on the trial legally capable of proving the amount of damages awarded by the trial court.

Argued October 6th—decided November 11th, 1904.

ACTION to recover damages. for polluting a stream with sewage and other noxious substances, brought to and heard in damages by the Superior Court in Hartford County, *Case, J.;* facts found and judgment rendered for the plaintiff for $1,850, and appeal by the defendant. *No error.*

The complaint alleges that the defendant unlawfully polluted the water of the Mattabessett River, a natural stream flowing by and through two pieces of land owned by the plaintiff, and claims damages for the injury caused by this tort. One piece of land was used for farming purposes, the other piece for the operation of a grist-mill. Upon default and hearing in damages the court assessed the damage to each piece separately. No question is raised as to the

assessment of damage to the land used for farming purposes. The other land is described as a piece of land with grist-mill, dwelling-house and other buildings thereon, through which the said river flows. It is alleged that before the pollution of said stream the waters thereof were pure and the plaintiff's said grist-mill was clean, healthful, and productive of large profits, and said house comfortable and tenantable; that by reason of said pollution the said dwelling-house has become untenantable, the wheels and machinery in said mill are frequently clogged, causing large expense to clean the same, and become so rusted that the plaintiff is frequently required to repair and renew them; that the operations of the mill have been greatly impeded and the business seriously interfered with, and the mill property has become greatly reduced in value. The court included, in the total amount of damages assessed, the sum of $1,200 for the injury to the plaintiff in his use of the grist-mill property during the six years preceding the commencement of the action.

Upon the trial the defendant claimed that the rule of damages to be applied, so far forth as the grist-mill property was concerned, was the difference in the rental or usable value of said property before and after the acts of defendant polluting said stream, or with said stream unpolluted and as affected by the acts of the defendant. The court sustained this claim, and, applying the rule therein embodied, found the damage to be $1,200.

The defendant further claimed that there was not before the court any sufficient evidence from which the court could apply said rule to the property in question, or arrive at any proper estimate of the plaintiff's damage. These claims the court overruled, and these rulings are assigned as the only reasons of appeal.

*Frank L. Hungerford*, for the appellant (defendant).

*Charles E. Perkins* and *Arthur F. Eggleston*, for the appellee (plaintiff).

HAMERSLEY, J.  The defendant's claim which the court overruled is not one of law but of fact.  It is not that there was no evidence before the court of the amount of damage, but that the evidence which convinced the court that the damage proved amounted at least to $1,200 was in fact insufficient for that purpose.  Had the defendant formally claimed that in this case the plaintiff could not ask the court to resort to mere arbitrary conjecture for the ascertainment of the damage, but would be entitled to recover only a nominal sum unless in some way he showed the amount of damage by evidence, data, and means from which the court could ascertain and fix it, the court would doubtless have sustained that claim ; and we must assume that the court applied this rule in weighing the evidence produced.

The only claim of law which the defendant can now urge is this : It is apparent from the facts found, as recited in the finding, and from the statement therein of the facts which the plaintiff offered evidence to prove, that there could have been no testimony offered legally capable of proving damage to any definite amount.  These facts are, in brief, as follows : That upon the land there was a grist-mill, dwelling-house, barn and outbuildings, and the mode of the construction of the grist-mill, and the manner in which the stream was used for running it, appeared ; that the dwelling-house and other buildings were a short distance from the stream ; that by the pollution of the stream the plaintiff and his workmen have been exposed to unhealthy odors, the occupation of the dwelling-house has been affected by the same odors, the well has been corrupted and rendered useless, the wheels and machinery in the mill have become clogged and frequently rusted, requiring repairing and renewal, and the business of the mill has been at times seriously impeded ; that the pollution of said stream by the defendant began about 1878, but did not become noticeably bad until about 1894 ; that the rental or usable value of the property was materially depreciated by this pollution ; that the plaintiff had operated the mill twenty-five years and up-

wards preceding the date of the complaint, and had done a large and profitable business up to 1894 ; that since 1894, owing to his ill-health and consequent inability to look after his business, the use of the mill and adjacent property to him was of nominal value only, but its use to him during that period, if he had been in good health, would have been worth $1,000 per annum ; that the effect of the pollution, and consequent filthy character of the waters of the stream, upon the mill property and persons there at work, appeared ; and that the plaintiff offered no evidence, other than that received in support of the foregoing facts, of the value of the property or its usable and rental value at any time before or after the pollution of said stream.

The claim, therefore, is that it is legally impossible for the evidence which may have been offered in support of these facts to satisfy a court that the actual damage to the property by the wrong of the defendant was at least $1,200. Plainly this is not so. The defendant does not and cannot complain of the rule of damages adopted by the court at his request ; but whether the rule as stated is or is not the most accurate statement of the process to be followed in the ascertainment of the actual damage under the circumstances of this case, it is certain that the damage which consists in a depreciation in the usable value of the plaintiff's property directly caused by the defendant's wrong may be ascertained without determining with mathematical certainty the precise amount of that value with the stream unpolluted and its precise amount after the pollution ; the amount of damage in such case is intrinsically approximate, depending largely on the sound judgment of the trier, and it is sufficient if the evidence furnishes data from which damage to the amount found may be inferred with reasonable certainty and without resort to mere conjecture. It is also clear that the absence of evidence consisting of the opinion of the neighborhood as to the rental value of the property, of which absence in this case the defendant specially complains, is not a legal bar to any ascertainment of damage from other testimony. It is evident that in this case such opinion-tes-

timony might be far less reliable than the data upon which the court apparently based its conclusion.

There is no error in the judgment of the Superior Court.

In this opinion the other judges concurred.