## STEED *v.* KIMBROUGH *et al.*

(In Banc.  Dec. 11, 1944.  Suggestion of Error Overruled Jan. 22, 1945.)

[19 So. (2d) 925.  No. 35722.]

**B. B. Allen,** of Indianola, for appellant.

432

**Neill, Clark & Townsend,** of Indianola, for appellees.

**Griffith, J.,** delivered the opinion of the court.

The parties are the owners of adjoining lands, the dividing line between them being one quarter of a mile long and running north and south. Appellant's land is on the west, and that of appellees is on the east of the dividing line. The land of both parties is bounded on the south by an improved county highway running east and west with the usual drainage ditch on the north side next to the lands here involved.

Most of the adjoining lands of the parties are located in a swale or depression. This depression begins at a point on the dividing line about 250 feet north of the highway. The depression does not have a sufficient slope to be termed a hollow, and its fall is not enough to have produced the formation of any natural watercourse with well defined banks; or any banks at all; but the fall is sufficient to cause the rainwater to pursue, in a diffused

state, a downward course from west to east across appellant's land and upon the lower land of appellees to the east, the lowest points of the depression being along on the north portion of appellees' land. In brief, the lay of the land is such that the rainwater falling upon appellant's slightly higher land on the west would in its diffused state reach appellee's slightly lower land to the east, and would in its natural state proceed, still in a diffused state, to the eastward over appellees' lower land.

In 1926, appellees made a ditch along the north and south dividing line, but on their own side of the line, of a sufficient width and depth and of a sufficient fall at that time to carry the water to the highway ditch on the south. In doing so appellees placed the dirt from the ditch on the east bank thereof so as to form an elevation of about six or eight inches, and on this elevation they provided a farm road. Later, appellant made a ditch or ditches through his upper land and emptied them into the north and south ditch which appellees ad previously made, but without taking any steps to enlarge the ditch made by appellees. The result of this was to accelerate the flow from the upper land and to cast the water in a concentrated form upon appellees' land into appellees' ditch in such volume that the north and south ditch would not, in heavy rains, carry it away without damming it back to some extent on appellant's land.

In this situation appellant took the position that it was the duty of appellees to make and maintain a larger ditch, and in a direction from west to east through appellees' lower land; and to enforce his demand appellant would from time to time cut the bank on appellees' north and south ditch so as to cease the water during or after heavy rainfalls to flow in its concentrated form from appellant's land upon and across appellees' lower land. Appellant's persistense in this course finally led to the filing of a bill by appellees for an injunction against appellant which, upon the hearing, was sustained by the chancellor.

It will be seen from the foregoing statement that what we.have here is a problem of surface waters, and not of a natural watercourse. The three leading cases on that subject in this state are Illinois Cent. R. Co. v. Miller, 68 Miss. 760, 10 So. 61; Sinai v. Louisville, N. O. & T. Ry. Co., 71 Miss. 547, 14 So. 87; and Holman v. Richardson, 115 Miss. 169, 76 So. 136, L. R. A. 1917F, 942; and when these are interpreted in the light of the numerous cases gathered in the footnotes in 27 R. C. L., pp. 1151 et seq., and in 67 C. J., p. 877, note 45, it is seen that, as to surface waters, the rules as recognized in this state are:

(1) When no improvements have been made upon the contiguous upper land and it remains in its natural state, the right is in the owner thereof that the diffused surface waters thereon shall flow therefrom upon and into the contiguous lower land.

(2) The owner of the lower land has the right upon receiving the upper diffused waters to take such steps and to use such means as he may elect to carry the water away from his lower land so long as in so doing he does not use any of the upper land or so impede the flow as to cause it to back up or accumulate upon the upper land to any greater extent than it would have accumulated under natural conditions.

(3) The owner of the upper land does not have the right to collect his surface waters into an artificial channel or channels and then discharge it or allow it to be discharged upon the lower land at a greater volume or in a more concentrated flow than would have resulted had the natural conditions been left undisturbed, from which it follows that when by alterations made by the upper owner in natural conditions the result would be to cast upon the lower owner the water in a greater volume or in a more concentrated flow, the upper owner by means of his own land must take care of the excess, or must do so in cooperation with the lower owner.

The evidence is sufficient to sustain the finding of fact by the chancellor that the ditch made by appellees in 1926

along the dividing line was adequate in size and in fall to meet the obligations of appellees under the foregoing numeral 2, and that the filling up of that ditch by silt and its present inadequacy in size and depth has been the result of action by appellant as mentioned under numeral 3, from which it follows that the decree must be affirmed and this is said without any reference to the contention by appellees that they have acquired their rights as to the north and south ditch by the prescription.

The contention by appellant that the ditch made by appellees is over the line on his land is not sustained by the evidence.

We have given some thought upon the point as to what are the relative obligations of the parties in the matter of deepening, widening, and maintaining the north and south dividing line ditch in view of the new situation presented by the improvements on the upper land. We have concluded, however, that inasmuch as this feature has not been argued by the parties, it would be better for them to take that matter back to the court of first resort, that is, to a conference between themselves with the attendance of their attorneys, and with the opinion now delivered before them.

Affirmed.

PARTIALLY DISSENTING OPINION.

**Smith, C. J.,** delivered a partially dissenting opinion.

I concur in the affirmance of the decree of the court below and in the rule set forth in the paragraph numbered 3 on the third page of the controlling opinion (19 So. (2d) 926), which rule is in accord with Holman v. Richardson, 115 Miss. 169, 76 So. 136, L. R. A. 1917F, 942.

I do not concur in, but dissent from the rules set forth in paragraphs 1 and 2 on page 3 of that opinion (19 So. (2d) 926). These paragraphs of the opinion are in conflict with Holman v. Richardson, supra, which case has never been overruled and should control here.

438

At common law surface water was considered "a common enemy which every proprietor of land may fight as he deems best, regardless of its effect on other proprietors, and that accordingly the lower proprietor may take any measures necessary for the protection or improvement of his property, although the result is to throw the water back upon the land of an adjoining proprietor, provided it is not done in a reckless manner, or in such a way as to create a nuisance and destroy his property." 67 C. J. 866. This rule has been modified in some jurisdictions, including Mississippi, to this extent: "Where two methods of disposing of such water are available to the owner of the lower land, each equally efficacious and neither requiring an unreasonably greater expense than the other, one of which will damage the adjoining property and the other will not, the latter must be adopted by the owner of the lower land in fending the water therefrom." 67 C. J. 867. This is the rule announced in Holman v. Richardson, supra. No further modification of that rule is necessary here, and, as it is set forth in Holman v. Richardson, supra, justifies the affirmance of the decree of the court below.