ALEXANDER RUTKA *v.* GEORGE RZEGOCKI ET AL.

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, Js.

Argued June 7—decided July 18, 1945.

*Lewis J. Somers,* for the appellant (plaintiff).

*Frederick S. Harris,* with whom, on the brief, was *Charles G. Albom,* for the appellees (defendants).

BROWN, J. In this action, the plaintiff, as owner of land with a dwelling house thereon, located on the westerly side of Cook Avenue in Meriden, seeks damages and injunctive relief against the defendant Anna, referred to herein as the defendant, owner of land adjoining the plaintiff's land on the south. The complaint alleges that the defendant maliciously built a wall along the boundary line and changed the grade

of her land, thereby creating a nuisance and causing surface water to collect and discharge onto the plaintiff's land to his damage. The court rendered judgment for the defendants and the plaintiff has appealed.

The finding, not subject to material correction, presents this situation: The land of both the plaintiff and the defendant, starting at the rear, slopes toward the east rather sharply down to the street. The defendant's land also has a natural slope somewhat toward the north to the plaintiff's land. The defendant constructed on her land, six inches south of her north line, a bank wall thirty-five feet long which at its easterly end is three and four-tenths feet higher than the plaintiff's land, and twelve feet further west is seven and seven-tenths feet higher. The defendant did not raise the general level of her land. She did fill in some soil along the south side of the new wall and made a ridge of earth three inches in height extending along the boundary line from the westerly end of the wall to the northwest corner of her property. She also constructed an earthen bank on her land which ran for twenty-seven feet along the top of the steeper slope to the street and which was one foot high at its northerly end nearest the wall and two and one-half feet high at its southerly end. The erection of the wall did not cut off light or air from the plaintiff's property and it was not erected from any motive of malice or ill will. The court has not found that it did not serve a useful purpose in the improvement of the defendant's property. The trial court could properly conclude that the plaintiff had failed to establish his right to relief upon the ground that the wall was maliciously erected within the purview of § 5907 of the General Statutes. *Gallagher* v. *Dodge,* 48 Conn. 387, 394; *Whitlock* v. *Uhle,* 75 Conn. 423, 428, 53 Atl. 891; *Scott* v. *Wilson,* 82 Conn. 289, 290, 73 Atl. 781.

The court further found that no change made by the defendant upon her land, nor all of the changes together, had the effect of discharging any surface water from her land onto the plaintiff's land in a manner different in volume or course from its natural flow, to the damage of the plaintiff; and that any surface water coming upon the land of the plaintiff from the defendant's land since the plaintiff acquired title has been the result of natural surface water draining from a higher to a lower level.

The parties are in agreement that the rule determinative of the defendant's liability, in so far as the surface water is concerned, is that she could "not use or improve [her] land in such a way as to increase the total volume of surface water which flows from it to adjacent property, or as to discharge it or any part of it upon such property in a manner different in volume or course from its natural flow, to the substantial damage of the owner of that property." *Tide Water Oil Sales Corporation* v. *Shimelman,* 114 Conn. 182, 190, 158 Atl. 229. It is evident, therefore, that the plaintiff cannot prevail upon his appeal unless he is entitled to a correction of the court's vital findings just recited.

The evidence as to these was conflicting and it was for the trial court to determine what the facts were. The plaintiff's argument that natural law demonstrates that the north and south bank built by the defendant must have thrown water onto his land is by no means conclusive in the absence of a finding as to just where the north end of the bank was with relation to the wall. Neither is the confused and conflicting testimony of the defendant's daughter sufficient to vitiate the court's finding as to what the defendant did with regard to the land along the south side of the wall, nor is that of the defendant herself, as to whether the

changes caused the water to flow north over the wall, or east along the south side of it. The court not only saw and heard the witnesses but also viewed the premises. Under the circumstances, no material correction in or addition to the finding can be made. The court's conclusion that the plaintiff had failed to prove his case by a fair preponderance of the evidence must stand.

There is no error.

In this opinion the other judges concurred.