MASONITE CORP. *v.* WINDHAM, et al.

Division A.   Nov. 27, 1950.

No. 37605  (48  So.  (2d)  622)

Welch, Cooper & Welch, and **Denton Gibbes**, for appellant.

Collins & Collins, for appellees.

Holmes, C.

This is an appeal from a judgment for $5,000.00 rendered against appellant in an action brought by appellees for damages allegedly resulting from the ponding of waters on the land of appellees, and the pollution of the same by oils, greases, and other noisome and deleterious matter discharged by appellant, and allegedly resulting also from unreasonable noises produced by appellant in the operation of its plant.

The suit was originally filed on October 31, 1947, in the circuit court of the Second Judicial District of Jones County, against the appellant and the Continental Turpentine and Rosin Corporation, and on application of the appellant was removed to the federal court on the ground that a separable controversy existed between the plaintiffs and the defendants in said suit. Thereafter, by agreement of the parties, the suit was remanded to the circuit court of the Second Judicial District of Jones County.

Upon remand of the case to the state court, the plaintiffs in the suit, who are the appellees here, dismissed as to the Continental Turpentine and Rosin Corporation, and, on May 7, 1949, filed a reformed declaration in this cause as against The Masonite Corporation, and an independent suit was immediately filed by the appellees in

the said circuit court against the Continental Turpentine and Rosin Corporation, which latter suit was later settled by compromise agreement. The suit against the Continental Turpentine and Rosin Corporation involved the northern and eastern parts of the lands of appellees, and the suit at bar involves the southern and western parts of said lands.

The appellees and the appellant are adjoining landowners. Tallahala Creek runs through a portion of the lands of appellees, and the property of the appellant extends down to said creek, and as to said creek the appellees are the upper riparian owners, and the appellant is the lower riparian owner. The appellant is engaged in the manufacture of masonite boards, and its plant is situated on its said lands. The lands of appellees consist of about 55½ acres, and comprise their homestead, and they have lived on it and engaged in farming and cattle raising thereon since 1903, which was long prior to the acquisition by appellant of its lands, and the construction and establishment of its plant thereon.

The lands of appellees comprise approximately 20 or 25 acres of cultivatable land, a small acreage in timber, and the balance in pasture. Located on appellant's property, and about 50 feet from the southern boundary of the property of appellees, and forming a part of appellant's property, is a railroad embankment, which was formerly constructed and owned by the Wausau Southern Lumber Company. When appellant acquired its property, there were four trestles in this embankment, one of which was a long trestle which spanned Tallahala Creek, and the other three of which consisted of one about 60 feet long, and another about 30 feet long, and another about 16 feet long. The evidence for appellees showed that overflow waters from the creek and surface waters drained through these latter three trestle openings from the lands of appellees. The undisputed evidence is that the appellant closed these three trestle openings and installed in lieu thereof three tile culverts, each about 3 feet in

diameter. To the north of the embankment, and between it and the property of appellees, is a ditch which extends to the creek from a point where a road crosses the embankment opposite appellant's plant, at which point drainage from appellant's plant passes through a culvert into said ditch. Along the side of said road, appellant built a levee or dam about 8 feet high to form one side of an impounding pond, which was constructed by the appellant to hold the effluent from its plant which was in liquid form and which had theretofore discharged into Tallahala Creek, giving rise to a number of suits against appellant for the pollution of the waters of the creek. The space between this levee and the aforesaid embankment is in the shape of a triangle, and is referred to in the evidence as the triangle. It is shown without dispute that appellant filled the apex of this triangle to the height of the railroad embankment, and the evidence for appellees shows that it was filled by dumping thereon all kinds of junk, including refuse, masonite boards, pieces of concrete, and oily and greasy refuse and other deleterious matter and material, giving rise to stench and offensive odors and through which drainage polluted the water which was caused to pond on the lands of appellees.

There was evidence also on behalf of appellees that oily liquid was discharged from appellant's plant and made its way into the ditch hereinbefore referred to, and contributed also to the pollution of the water, caused, as appellees claim, to pond on their property by the aforesaid works constructed by the appellant.

The evidence for appellees also showed that unreasonable noises were produced from the operation of appellant's plant to the detriment and injury of appellees in the enjoyment and comfort of their home.

It was contended by appellees, and there was ample evidence to support such contention, that the works constructed by appellant on its lands impeded the flow of surface and overflow waters from their lands, and caused the same to accumulate and pond thereon, and

that the pollution of said waters by appellant by discharging therein oil and grease and other deleterious matter resulted in leaving a deposit of hurtful and deleterious matter on said lands after the water flowed off, and thus rendered said lands unfit for cultivation and pasture usage, and caused the loss of crops and rendered the pasture land unfit for cattle raising.

It was the contention of appellant that the works which it constructed were on its own property, and that it had the right to construct the same in the improvement and development of its own property. It is not contended by appellant that the dam or levee erected along the side of its impounding pond, or that the filling in of the triangle, were works constructed as defensive measures against overflow waters, but were works for the improvement and development of appellant's property.

The record discloses that the original declaration in this cause setting forth the complaint of appellees was filed in October, 1947, and that the reformed declaration was filed nearly two years later, and that oral complaint of appellees was likewise made, but that notwithstanding such notice of the grievances of appellees, the appellant persisted in its assertion of its right to construct on its property the works in question, and filled up a large part. of the triangle with deleterious matter after the complaints of the appellees were brought to its attention.

The case was submitted to the jury under instructions to find for the appellees if the jury believed from a preponderance of the evidence that the works constructed by appellant impeded the flow of water from the lands of appellees and caused the water to accumulate and pond thereon, and further believed that such water was polluted by appellant by the discharge of oil, greases, and other deleterious matter therein, causing damage to the cultivatable and pasture lands of appellees, and resulting in loss of crops and further resulting in injury to the appellees in the enjoyment and comfort of their home by reason of stenches and noxious odors. Recovery

was further authorized for damages sustained by the appellees as a result of unreasonable noises produced by appellant in the operation of its plant. The jury was further authorized to assess both actual and punitive damages. The jury returned a verdict for $5,000.00 without separation of amounts for actual and punitive damages, and without indication that any part of the verdict was for punitive damages.

The appellant complains that the verdict of the jury is contrary to the evidence, and that the trial court erred in granting the instructions given the appellees and in refusing certain instructions requested by appellant, and that particularly the granting of the instruction on punitive damages both as to its form and propriety was error.

We think the issues raised were, in view of the evidence, properly submitted to the jury, and that the evidence is ample to support the verdict of the jury for actual damages alone. We are not unmindful of the cases of Cubbins v. Mississippi River Commission and the Yazoo Mississippi Delta Levee Board, 241 U. S. 351, 36 S. Ct. at page 671, 60 L. Ed. 1041; Board of Drainage Commissioners of Drainage Dist. No. 10 of Bolivar County v. Board of Drainage Commissioners of Washington County, 130 Miss. 764, 95 So. 75, 28 A. L. R. 1250; Jones v. Walker, Miss., 44 So. (2d) 466; Steed v. Kimbrough, 197 Miss. 430, 19 So. (2d) 925, 926.

In the Cubbins case, supra, the Court announced the principle that one owner for defensive purposes may erect works on his land to protect against accidental or extraordinary floods, so long as such works do not encroach upon the bed of a natural water course.

In the case of Board of Drainage Commissioners of Drainage Dist. No. 10 of Bolivar County, supra, and the case of Jones v. Walker, supra, it was held that an upper riparian owner may drain his surface water into a natural water course, even though it increases the flow of the water course beyond its capacity.

In the Kimbrough case, supra, the Court held that "The owner of the lower land has the right upon receiving the upper diffused waters to take such steps and to use such means as he may elect to carry the water away from his lower land so long as in so doing he does not use any of the upper land or so impede the flow as to cause it to back up or accumulate upon the upper land to any greater extent that it would have accumulated under natural conditions."

In the case at bar, however, liability on the part of the appellant is predicated not only upon the alleged wrongful acts of appellant in constructing works on its property which impeded the flow of water from the property of appellees and caused the water to accumulate and pond thereon, but it is also predicated upon the alleged wrongful acts of the appellant in polluting the water so caused to pond and accumulate on the lands of appellees causing injury to such lands and resulting in damages to the appellees. In determining the liability of the appellant, it is not necessary to rely wholly upon the principles announced in the foregoing cases, and as heretofore stated we think that the issue raised by the evidence was an issue for the jury, and that the verdict of the jury is amply supported by the evidence.

We do not deem it necessary to deal with the instruction authorizing the award of punitive damages either as to its form or propriety, for the reason that the jury's verdict was an award in a lump sum without indication that any part thereof was an award of punitive damages, and for the further reason that in our opinion the evidence was ample to support the verdict of the jury for actual damages alone, and therefore appellant was not prejudiced by said instruction.

We find no prejudicial or reversible error in the court's rulings on the evidence or the action of the court in the granting or refusal of instructions. The judgment of the trial court is accordingly affirmed.

Affirmed.

## PER CURIAM.

The above opinion is adopted as the opinion of the Court, and for the reasons therein indicated the case is affirmed.