WALTER R. TAYLOR ET AL. *v.* NICHOLAS CONTI ET AL.

BALDWIN, C. J., KING, MURPHY, SHEA and ALCORN, JS.

Argued November 8, 1961—decided January 16, 1962

*Gregory C. Willis,* with whom, on the brief, was *Allan R. Johnson,* for the appellant (defendant L. G. DeFelice and Son, Inc.).

*A. Michael Basile,* for the appellant (named defendant).

*David B. Cohen,* with whom was *George J. Finn,* for the appellees (plaintiffs).

BALDWIN, C. J.   The plaintiffs, Walter R. and Alyce P. Taylor, recovered a judgment for injunctive relief against the defendant Nicholas Conti

and for damages against both defendants. The action arose out of grading and soil removal operations conducted by the defendant L. G. DeFelice and Son, Inc., a contractor, hereinafter referred to as DeFelice, on land owned by Conti. Both defendants have appealed.

The plaintiffs own land, with a dwelling and barn thereon, on the east side of Long Hill Avenue in Shelton. In 1956, they completed the construction of a dam to form a pond for swimming and fishing in the waters of a brook crossing their property. On July 10, 1957, Conti purchased seventy-three acres of land for the purpose of subdividing it into building lots. This land was on the westerly side of Long Hill Avenue, 2500 feet north of, and at a higher elevation than, the plaintiffs' property. It was hilly pasture land, with grass, trees and a deep topsoil of loam. On July 23, Conti and De-Felice made an agreement whereby DeFelice was to cut down the hilly areas on Conti's land, remove large quantities of topsoil and fill, and grade, reloam and reseed the land. DeFelice was to use the loam and fill in the construction of the Connecticut turnpike. The contractor began operations in July. Trucks carting the loam and fill along Long Hill Avenue spilled large quantities of both on the avenue. The court found that this spillage was washed by successive rainfalls into the brook and carried into the plaintiffs' pond. The Conti land, denuded of topsoil and with its grade changed to slope toward, instead of away from, Long Hill Avenue, eroded rapidly, and holes and gullies were left. Silt and gravel were washed across Long Hill Avenue into the brook and were carried to the plaintiffs' pond. They were also washed onto the floor of the plaintiffs' barn. The court concluded

that the operations conducted by DeFelice, under its agreement with Conti, had greatly increased the accumulation of surface waters on Conti's land and their discharge into the plaintiffs' pond, accompanied by large quantities of mud and silt. The court awarded the plaintiffs $11,000 damages and enjoined Conti from diverting and increasing the flow of surface waters from his land onto the land of the plaintiffs.

Both Conti and DeFelice claim that the court erred in finding certain facts and, particularly, in concluding that as a result of the acts of the defendants, surface waters flowed off Conti's land, across Long Hill Avenue and into the brook in a manner different in volume and course from their original flow. The finding is not subject to correction as to any material fact. Errors claimed in the finding require no further discussion.

Conti claims that the plaintiffs' complaint was predicated upon digging and hauling operations performed by DeFelice as an independent contractor and that the court erred in rendering judgment against Conti on the ground of his use and improvement of his own land. The complaint alleges, and the court found, that the work done by DeFelice was performed pursuant to a contract with Conti. Conti's desire to use and improve his land was a motivating factor in the entire operation. DeFelice, in turn, obtained fill and loam for its purposes. A landowner cannot use or improve his land so as to increase the volume of the surface waters which flow from it onto the land of others, nor can he discharge surface waters from his land onto the land of others in a different course from their natural flow, if by so doing he causes substantial damage. *Tide Water Oil Sales Corporation* v. *Shi-*

*melman,* 114 Conn. 182, 188, 158 A. 229, and cases cited; *Rutka* v. *Rzegocki,* 132 Conn. 319, 321, 43 A.2d 658; *Somers* v. *Hill,* 143 Conn. 476, 481, 123 A.2d 468; note, 59 A.L.R.2d 421, 442; Restatement, 4 Torts § 822; id., c. 40, topic 3, p. 265; id. § 833. Surface waters are "those casual waters which accumulate from natural sources and which have not yet evaporated, been absorbed into the earth, or found their way into a stream or lake. The term does not comprehend waters impounded in artificial ponds, tanks or water mains." Id. § 846, comment b; see *Thompson* v. *New Haven Water Co.,* 86 Conn. 597, 604, 86 A. 585; 93 C.J.S. 799, § 112.

DeFelice may well have been an independent contractor, but that fact does not relieve Conti, because the court found that the damage to the plaintiffs' property arose from the performance by DeFelice of its contract with Conti. Where a party contracts for work to be done of such a character that, even if the work is duly performed, it would naturally, if not necessarily, expose others to probable injury unless preventive measures are taken by him, he is liable for that injury if, while chargeable with knowledge that the work is of such a character, he negligently fails to take preventive measures. *Bonczkiewicz* v. *Merberg Wrecking Corporation,* 148 Conn. 573, 579, 172 A.2d 917, and cases cited, including *Lawrence* v. *Shipman,* 39 Conn. 586, 589. See Restatement, 4 Torts § 835. The court found that both Conti and DeFelice had knowledge of the change in the course and the volume of the water coming off the Conti land and the damage it was causing the plaintiffs. It does not appear that Conti or DeFelice did anything to prevent that damage. Conti instigated, and DeFelice carried out, for purposes of their own, the operations which

resulted in the erosion of the Conti land and the diversion and increased flow of the surface waters which brought injury to the plaintiffs' property. Both participated in the unlawful action of which the plaintiffs complain. See *Doe* v. *Saracyn Corporation,* 138 Conn. 69, 76, 82 A.2d 811; *Banks* v. *Watrous,* 134 Conn. 592, 600, 59 A.2d 723; *Hill* v. *Way,* 117 Conn. 359, 365, 168 A. 1; Restatement, 4 Torts §§ 822, 834. The facts found warrant the application of the foregoing legal principles and justify a conclusion that both Conti and DeFelice were liable.

Both defendants claim that the court erred in the method it used to determine the damages and in the amount it awarded. They argue that material other than that which originated from the operations on the Conti land would normally be deposited in the plaintiffs' pond because the pond was the first stilling basin below a fairly rapid fall of the brook. This, no doubt, is true. The court found, however, that as a result of the grading of the Conti property and the removal of topsoil from it, surface waters carrying dirt and gravel flowed off the land, across the road and into the brook and formed a delta where the brook entered the pond, so that mud and silt were deposited in the pond to a depth of ten feet. The court found further that 3666 cubic yards of this material accumulated in the pond. This finding was apparently based on a determination made by an engineer. The court also found that the estimates of the cost of removing the mud and silt from the pond varied from $1 to $6 a cubic yard; that estimates of the cost of dredging the pond and removing the soil from the plaintiffs' barn floor varied from $10,998 to $21,996; that the fair cost of such removal would be $3 a cubic yard;

that the value of the plaintiffs' property, estimated at $49,000 to $52,000 with the pond, would be reduced to $40,000 without the pond; and that the usefulness of the pond had been substantially destroyed. The measure of damages for injury to realty in a case such as this is the diminution in its value. This diminution can be determined by the cost of repairing the damage, if that cost does not exceed the former value of the property and if the repairs do not enhance its value over what it was before the injury. *Stratford Theater, Inc.* v. *Stratford,* 140 Conn. 422, 424, 101 A.2d 279; *Whitman Hotel Corporation* v. *Elliott & Watrous Engineering Co.,* 137 Conn. 562, 573, 79 A.2d 591. The determination "is intrinsically approximate, depending largely on the sound judgment of the trier, and it is sufficient if the evidence furnishes data from which damage to the amount found may be inferred with reasonable certainty and without resort to mere conjecture." *Dudley* v. *New Britain,* 77 Conn. 322, 325, 59 A. 89; *Ball* v. *T. J. Pardy Construction Co.,* 108 Conn. 549, 551, 143 A. 855; 15 Am. Jur. 414 § 23, 796 § 356. The amount awarded here did not exceed the diminution in the value of the property. It was an amount which the court could properly and reasonably reach from the facts found.

Conti claims that the court erred in granting injunctive relief. The court viewed the locale, including the plaintiffs' and Conti's properties. It found that surface waters were still being discharged from the Conti property in increased volume and in a manner different from their natural flow. The injury was continuing in its nature. Injunctive relief was proper under the circumstances. *Sisters of St. Joseph Corporation* v. *Atlas Sand, Gravel & Stone Co.,* 120 Conn. 168, 173, 180 A. 303; *Trowbridge* v.

*True,* 52 Conn. 190, 199. Whether to grant injunctive relief in a particular case is a matter calling for the exercise of a legal discretion. *Gerald Park Improvement Assn., Inc.* v. *Bini,* 138 Conn. 232, 236, 83 A.2d 195. The court did not abuse its discretion in issuing the injunction.

There is no error.

In this opinion the other judges concurred.