PIERCE FAMILY, INC., a Delaware corporation, S. GILBERT PIERCE, NELLIE MAY PIERCE, JOHN E. PIERCE and MABEL B. PIERCE, Plaintiffs Below, Appellants,

*vs.*

MAGNESS CONSTRUCTION COMPANY, a Delaware corporation, and CEDAR INN, INC., a Delaware Corporation, Defendants Below, Appellees.

*Supreme Court, On Appeal, October 17, 1967.*

*Abraham Hoffman,* of Hoffman & Hoffman, Wilmington, for appellants.

*Clement C. Wood,* of Allmond & Wood, Wilmington, for appellees.

WOLCOTT, C. J. and CAREY and HERRMANN, JJ., sitting.

WOLCOTT, Chief Justice: This is an appeal from the Court of Chancery which denied the plaintiffs an injunction against an alleged impeding of the natural flow of water from their land.

Plaintiffs are the owners of lands in Brandywine Hundred. The natural drainage of water from these lands is into Naaman's Creek by streams flowing through land owned by the defendant, Cedar Inn, Inc., and developed by the defendant, Magness Construction Company, by filling and the erection of apartment buildings. In the course of filling these lands, Magness blocked the streams and installed a 24-inch pipe to carry off the water.

Plaintiffs claim that while the drainage provided by defendants may be sufficient to discharge the present rate of flow from their lands and other lands higher up the watershed in their present undeveloped state, it will become insufficient in the future if the higher land is developed, since this will result in an increased flow of water. In that event, it is argued the water will back up upon the plaintiff's land to their damage.

The Vice Chancellor denied relief after finding the fact to be that the installed drainage facilities are adequate to meet the present drainage requirements of the plaintiffs' land. He held that the lower land could not be forced to provide facilities to take care of an increased burden by reason of future development of the upper land, and that in any event equity will not issue an injunction by reason of mere apprehension that at some future time damage will occur.

■ The point before us is whether or not an upper landowner can compel a lower landowner to provide drainage facilities to carry off an amount of water increased artificially above the natural drainage level.

■ Generally speaking, a landowner is bound not to interfere with the natural flow of water from higher land upon his own, and at the same time has the right to have the natural flow pass from his land upon the lower land of another without interference. 56 *Am.Jur., Waters,* § 13; 93 *C.J.S. Waters* § 15; 3 *Tiffany, Real Property (3rd Ed.),* § 731. It follows from the general principle that a lower owner may not artificially obstruct the natural flow of water upon his land so as to cause the water to back up and flood the land of an upper owner. 93 *C.J.S. Waters* § 24; 56 *Am.Jur., Waters,* § 68. It also follows that an upper owner may not artificially increase the flow of water upon lower lands above its natural volume. 3 *Tiffany, Real Property (3rd Ed.),* § 734; 56 *Am.Jur., Waters,* § 71.

The general rules set forth above have been the law of this State. *E. J. Hollingsworth Co. v. Jardel Co.,* 40 *Del.Ch.* 196, 178 *A.2d* 307; *Ciconte v. Shockley,* 31 *Del.Ch.* 376, 75 *A.2d* 242; *Staats v. Hubbard,* 31 *Del.Ch.* 41, 63 *A.2d* 856; *Chorman v. Queen Anne's Ry. Co.,* 3 *Pennewill* 407, 54 *A.* 687. We approve them.

■ Plaintiffs argue that the holding of the *Hollingsworth* case was that a lower owner is required to accept a reasonably increased

burden in the easement, but we think that this interpretation of the holding is incorrect. The case stands flatly for the proposition that the burden of an easement on lower land may not be increased by artificially increasing the flow of water.

It is true that the Chancellor said that one "may not in effect substantially enlarge or change a natural drainage easement", from which, we assume, the plaintiffs conclude that a reasonable but not substantial increase may be accomplished. We think, however, the assumption reads more into the Chancellor's language than was intended.

■ It is apparent, therefore, that plaintiffs may compel the defendants only to make provision for drainage sufficient to take care of the natural flow of water presently existing, which the Vice Chancellor has held the defendants have done. Plaintiffs may not compel the installation of a system sufficient to pass off a greater volume of water which certain forms of land development might cast upon the defendants' land.

■■ In any event, the fears of the plaintiffs are no more than apprehension that at some indefinite time in the future the situation will arise. It is to be noted that if it does arrive it will be of plaintiff's making or the making of persons owning land above that of the plaintiffs. Since the possibility lies in the future, it is not a matter for which equity will give relief. *McQuail v. Shell Oil Company,* 40 *Del.Ch.* 410, 183 *A.2d* 581.

For the foregoing reasons, the judgment below is affirmed.