261 So.2d 795 (1972)
Otis S. SHATTLES
v.
FIELD, BRACKETT & PITTS, INC., et al.
No. 46640.
Supreme Court of Mississippi.
May 8, 1972.
Wiesenburg & Lockard, Pascagoula, for appellant.
Bryan, Gordon, Nelson & Allen, Ernest R. Schroeder, Pascagoula, for appellees.
*796 GILLESPIE, Chief Justice:
This suit involves the collection by the defendants of surface waters from upper lands that formerly flowed onto the lower lands in a diffused state into an eighteen-inch pipe and casting the waters thus concentrated into a drainage ditch that the defendants constructed across the lower lands by wilfully trespassing upon the lower lands. The trial court denied the owner of the lower lands a mandatory injunction requiring defendants to restore the status quo. We reverse.
Suit was brought in the Chancery Court of Jackson County by Otis S. Shattles against Field, Brackett & Pitts, Inc., and Robert Field, individually, for a mandatory injunction requiring the defendants to fill a drainage ditch constructed by the defendants on Shattles' land, to restore the grade to its former condition, and to take care of the excess surface waters cast upon his property by the defendants. The chancellor found in favor of Shattles on all significant issues of fact, but denied a mandatory injunction on the grounds that defendants had used good practices in developing the upper land and because Shattles could be compensated for damages. The bill of complaint was dismissed. The decree stated it was "without prejudice to the right of the complainant to bring an action at law."
Prior to the year 1970, defendants had developed in the City of Moss Point several subdivisions. After the development of the Third Addition to Riverwood Subdivision and while approval by the City of Moss Point of the Fourth Addition to Riverwood Subdivision was pending, a controversy arose between defendants and the City over the drainage from the Third Addition, all of which had theretofore been sold by defendants. The plat shows a ten-foot drainage and utility easement along the north end of the lots adjoining the Shattles property.
About September 15, 1970, defendants were trying to get the City of Moss Point to approve the Fourth Addition but the City would not do so until defendants took care of surface waters that collected upon some of the lots of the Third Addition, which lots abutted the south boundary of the Shattles property. The Shattles property, consisting of about five acres on which there is a residence, has a common line with the Third Addition. Officials of the City of Moss Point requested the defendants to secure an easement across the lowest part of the Shattles property to accommodate surface waters from the Third Addition. Shattles declined to give defendants an easement although he agreed to discuss the matter when he could find time to go to Moss Point. Defendants were anxious to get the Fourth Addition approved by the City of Moss Point and in order to do so defendants constructed a system of underground pipes so as to collect surface waters therein. At the end of this pipe, a brick culvert was constructed so as to turn the water in the pipe directly onto the Shattles property. The level of the water had thus been lowered from the surface into the sunken pipe. Defendants then cut a ditch seventy feet long across the Shattles property, three feet in width and two and one-half feet deep. This ditch is being used to accommodate the waters thus concentrated and cast upon the Shattles property.
The chancellor specifically found that (1) prior to September 15, 1970, the normal drainage of the surface waters was from the lands constituting the Third Addition to the lands belonging to Shattles in a diffused state and followed the contour elevations; (2) in providing drainage for their subdivision abutting the Shattles property, defendants had prior to September 15, 1970, brought their storm drainage into an eighteen-inch drainage pipe with its opening located approximately sixty-five feet south of the Shattles property; (3) after September 15, 1970, defendants extended the storm drainage pipe sixty-five feet northerly to the southern boundary line of the Shattles land, then westerly along the south boundary line of the Shattles *797 property and constructed a culvert at the west end of the eighteen-inch drainage pipe so as to turn the water on the Shattles land; (4) on or about September 18, the defendants entered upon the Shattles land and dug thereon a drainage ditch extending northerly from the southern boundary of the Third Addition, such drainage ditch being approximately seventy feet long, three feet wide, and two and one-half feet deep, connecting into a branch located on the Shattles property; (5) the defendants did not have the consent or permission of Shattles to enter upon his lands and dig a drainage ditch thereon; (6) the act of defendants caused approximately one-fourth acre more of water to be cast from the upper lands onto the Shattles lands; and (7) the drainage of the water from the lands of the Third Addition to the Shattles land, which was formerly in a diffused state, was collected by the drainage system of the defendants into a drainage ditch constructed on the Shattles land in a more concentrated flow and in a greater volume than would have resulted had natural conditions been left undisturbed.
The question for our decision is whether Shattles is entitled as a matter of law to a mandatory injunction requiring the defendants to (1) fill the drainage ditch constructed across his lands and restore the grade to the condition existing prior to September 15, 1970, and (2) remove the system of pipes installed on the Third Addition after September 15, 1970, thus restoring the status of the Shattles property and the drainage to the condition existing before September 15, 1970.
Whether an injunction shall issue is largely within the discretion of the chancellor. Stigall v. Sharkey County, 213 Miss. 798, 57 So.2d 146 (1952). And a mandatory injunction is an extraordinary remedial process which courts are more reluctant to grant than a prohibitory one. Ordinarily a mandatory injunction will not issue if adequate redress is afforded at law, and is never issued except in extreme cases; and such injunction is a rather harsh remedial process not regarded with judicial favor. Pattillo v. Bridges, 247 So.2d 811 (Miss. 1971).
The owner of upper land has the right, without interference, to have the flow of surface waters follow along a well defined water course from his land. Lauck v. Gilbert, 252 Miss. 371, 173 So.2d 626 (1965). An upper landowner may increase the flow of water in the reasonable exercise of his right of drainage in the development of his property even if it results in drainage exceeding the capacity of the natural watercourse. Board of Drainage Commissioners of Drainage District No. 10 of Bolivar County v. Board of Drainage Com'rs. of Washington County, 130 Miss. 764, 95 So. 75 (1923).
On the other hand, it was stated in Steed v. Kimbrough, 197 Miss. 430, 19 So.2d 925 (1944), that:
The owner of the upper land does not have the right to collect his surface waters into an artificial channel or channels and then discharge it or allow it to be discharged upon the lower land at a greater volume or in a more concentrated flow than would have resulted had the natural conditions been left undisturbed, from which it follows that when by alterations made by the upper owner in natural conditions the result would be to cast upon the lower owner the water in a greater volume or in a more concentrated flow, the upper owner by means of his own and on his own land must take care of the excess, or must do so in cooperation with the lower owner. (197 Miss. at 436, 19 So.2d at 926).
In Newton Coca Cola Bottling Co. v. Murphrey, 212 Miss. 823, 55 So.2d 485 (1951), it was held that where the upper or dominant landowner violates the rule just stated it is proper to issue an injunction commanding the upper landowner to take reasonable steps to remedy the situation.
The general rule is that a landowner is entitled to an injunction directing *798 the removal of a trespassing structure on his land erected thereon by the owner of adjoining land. The facts that the aggrieved owner suffers little or no damage from the trespass, that the wrongdoer acted in good faith and would be put to disproportionate expense by removal of the trespassing structures, and that neighborly conduct as well as business judgment would require acceptance of compensation in money for the land appropriated, are ordinarily no reasons for denying an injunction. Rights in real property cannot ordinarily be taken from the owner at a valuation, except under the power of eminent domain. Only when there is some estoppel or laches on the part of the plaintiff, or a refusal on his part to consent to acts necessary to the removal or abatement which he demands, will an injunction ordinarily be refused. Turner v. Morris, 196 Miss. 297, 17 So.2d 205 (1944).
The acts of the defendants were wilful and constituted a deliberate trespass on the Shattles land. If the Court limits Shattles' remedy to damages it would be tantamount to granting the defendants the right of eminent domain. The invasion of the Shattles land in order to promote defendants' business affairs must be condemned by the law in a most positive manner. The damages to the Shattles property are irreparable and the contention that he has an adequate remedy at law is untenable. In Hood v. Foster, 194 Miss. 812, 13 So.2d 652 (1943), it was held that land is per se property of peculiar value, and will be protected by injunction without reference to its quality, use, or value. It is undoubtedly true that the cost of restoring the Shattles property and the drainage to the condition existing prior to September 15, 1970, will be disproportionate to the amount of damages suffered by Shattles. Nevertheless, we hold that the law cannot be satisfied by anything less than the restoration of the Shattles property by mandatory injunction. The defendants took the law into their own hands and must suffer the consequences.
The decree of the trial court is reversed and this case is remanded for the entry of a decree mandatorily enjoining the defendants to fill the drainage ditch across the Shattles property and restore the ground to the level existing prior to September 15, 1970, and the removal of the system of drainage pipes installed by the defendants shortly after September 15, 1970. It appears that the defendants reserved an easement along the north ten feet of the lots in the Third Addition, so that the defendants will not be required to trespass on the lands of the present lot owners in obeying the injunction to be issued by the trial court. If such should be the case, the pipe can be filled so as to prevent the concentration of surface waters onto the Shattles property.
The rule laid down in Lauck v. Gilbert, 252 Miss. 371, 173 So.2d 626 (1965), and Illinois Central R.R. v. George, 241 Miss. 233, 130 So.2d 260 (1961), should be followed by the trial court, in that the defendants must be enjoined specifically. The trial court may hear such evidence as it deems necessary in order to specify what defendants shall do to restore the Shattles property.
Reversed, judgment here, and remanded with directions.
PATTERSON, SMITH, ROBERTSON and SUGG, JJ., concur.