[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO STRIKE (#112)
On January 3, 1995, the plaintiff, Christine Meng, filed a two count complaint against the defendants, Kristin and Peter Gillespie and Forest Glen Associates of Middletown, Inc.[1] On December 22, 1995, the plaintiff filed an amended complaint which alleges in the first count as to Kristin and Peter Gillespie that the plaintiff slipped and fell on her own patio due to an accumulation of snow and ice which was caused by water dripping onto the plaintiff's patio from the defendants' patio. The plaintiff's patio is directly below the defendants' patio. The complaint further alleges that the defective condition of the plaintiff's patio resulted from the negligent care and maintenance of the defendants' patio.
On January 12, 1996, the defendant Gillespies, filed a motion to strike the first count of the plaintiff's complaint on the ground that there is no cause of action against a landowner for the natural movement of surface water. Pursuant to Practice Book § 155, the plaintiff filed a timely objection to the defendants' motion to strike.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.) Gordon v. Bridgeport Housing Authority,208 Conn. 161, 170, 544 A.2d 1185 (1988). "[F]or the purpose of a motion to strike, the moving party admits all facts well pleaded."RK Constructors, Inc. v. Fusco Corp., 231 Conn. 381, 383 n. 2,650 A.2d 153 (1994). "In reviewing the granting of a motion to strike, we construe the facts alleged in the complaint in a light most favorable to the pleader." Id., 384.
The defendants argue that the plaintiff has failed to allege that the water which fell upon their own patio and then dripped onto the plaintiff's patio was either accumulated or diverted onto the plaintiff's patio by the defendants in an unnatural manner. CT Page 1988 Further, the defendants argue that the water which fell on their own patio is surface water which followed its natural course by running onto the plaintiff's patio. Consequently, the defendants argue that they are not liable for any of the injuries sustained by the plaintiff.
"Surface waters are those casual waters which accumulate from natural sources and which have not yet evaporated, been absorbed into the earth, or found their way into a stream or lake." Taylorv. Conti, 149 Conn. 174, 178, 177 A.d 670 (1962). "A landowner is under no duty to receive upon his land surface water from the adjacent properties, but in the use or improvement of it he may repel such water at his boundary. On the other hand, he incurs no liability by reason of the fact that surface water falling or running onto his land flows thence to the property of others in its natural manner. But he may not use or improve his land in such a way as to increase the total volume of surface water which flows from it to adjacent property, or as to discharge it or any part of it upon such property in a manner different in volume or course from its natural flow, to the substantial damage of the owner of that property." Tide Water Oil Sales Corporation v. Shimelman,114 Conn. 182, 189-190, 158 A. 229 (1932). This rule was modified slightly by the rule of reasonable use which states that "the landowner, in dealing with surface water, is entitled to take only such steps as are reasonable, in light of all the circumstances of relative advantage to the actor and disadvantage to the adjoining landowners, as well as social utility." Page Motor Co. v. Baker,182 Conn. 484, 488-89, 438 A.2d 739 (1980).
The water which fell upon the defendants' patio from a natural source had not yet evaporated, been absorbed into the earth or deposited into a stream or lake. Therefore, the water in question is surface water. Since the plaintiff does not allege that the defendants took any action to accumulate this surface water, to divert it onto the plaintiff's patio in an unnatural manner, or to deal with it in any way, the Tide Water Oil rule is applicable. The defendants are not liable for any harm caused by the natural, gravity-induced flow of surface water from their own patio onto the plaintiff's patio. Consequently, the facts as alleged in the first count of the plaintiff's complaint fail to state a claim upon which relief can be granted and are legally insufficient as a matter of law.
Accordingly, the defendants' motion to strike the first count of the plaintiff's complaint is granted. CT Page 1989
BY THE COURT:
STANLEY, J.