*New-London, July, 1839.*

Latham
*v.*
Lawrence.

---

JOHNSON *against* LEWIS.

Where the defendant in an action for the obstruction of a water-course, by raising his dam, proved, that *C*, under whom the plaintiff claimed, was frequently present, during the erection of the dam, and did not object to or forbid its erection, and even expressed an opinion that it would be beneficial to his mill; and that the plaintiff had said, that he was satisfied with the manner in which the defendant used the water; it was held, that these facts did not amount to a license to erect the dam, but were, at most, only evidence of such license; consequently, it was proper for the court, upon such evidence, to leave it to the jury to say whether such license was in fact given.

Where it appeared, in such action, that the dam causing the obstruction was erected, by the defendant's grantor; it was held, that the plaintiff could not recover, without proving a special request to the defendant to remove the obstruction.

If the owner of the upper site on a water-course, has obstructed the flowing of the water as it has been accustomed to flow, to the injury of the owner below,

it is no defence to an action for such obstruction, that the latter has altered his works so as to require more water than was previously needed, and by this means alone, the obstruction became injurious to him.

THIS was an action on the case for the obstruction of a water-course.

The cause was tried at *Norwich, March* term, 1839, before *Bissell,* J.

The plaintiff's mill is situated on the *Okseboksee* brook; and the defendant has a cotton mill on the same stream, a little above. On the site of the defendant's cotton mill, there was, formerly, a grist mill, with a slight dam, barely sufficient to turn the water into a canal, by means of which the grist mill was operated. In the year 1825, one *Richards,* under whom the defendant claims, erected said cotton mill, built the dam anew, and raised it from six to twelve feet higher than the former dam. The plaintiff claimed to have proved, that by means of the erection and continuance of this dam, the water was prevented from flowing to his mill, as it was accustomed to flow; and that his works were hindered, by means of the detention of the water.

The defendant claimed to have proved, that at the time the dam was erected by *Richards, Nathan Comstock,* under whom the plaintiff claims, and who was the owner of the plaintiff's mill, was frequently there; and that he did not object to or forbid the erection of said dam; and that he expressed an opinion that it would be beneficial to his (*Comstock's*) mill: that upon one occasion, the plaintiff had said, he was satisfied with the manner in which the defendant then used the water. And the defendant insisted, that this conduct of the plaintiff's grantor, and his and the plaintiff's declarations, amounted to a license to keep up the dam, and to use the water as the defendant had done; and that, therefore, he could not recover in this action; and the defendant prayed the court so to charge the jury. The court did not so charge the jury, but instructed them, that if either the plaintiff, or his grantor, had given to the defendant, or to his grantee, a license to use the water, in the present manner, he could not recover; leaving it to the jury to say, whether such license was in fact given.

The plaintiff further claimed, that as it appeared in evidence, and was not denied, that the dam in question was not erected

New-London,
July, 1839.

Johnson
v.
Lewis.

by him, but by his grantor, the plaintiff could not recover, without averring and proving a special request to remove the obstruction ; and prayed the court to charge the jury accordingly. The court did not so charge the jury.

The defendant further claimed to have proved, that there was formerly only a carding-machine on the site where the plaintiff's works now stand ; and that since the erection of the defendant's dam, the plaintiff has erected new works, and so enlarged his water-wheel that much more water is now required for the plaintiff's works than was formerly necessary to propel the carding-machine ; and that consequently, the plaintiff could not recover for any obstruction of the water, by the defendant, provided enough still flowed to the plaintiff's works to have carried such carding-machine, had it remained ; and the defendant prayed the court to charge the jury accordingly. The court did not so charge the jury.

The plaintiff obtained a verdict ; and the defendant moved for a new trial for a misdirection.

*Goddard* and *Cleaveland* jun., in support of the motion, contended, 1. That the proper direction was not given as to the license claimed by the defendant. All the injury complained of resulted from the *raising of the dam*, thereby preventing the flowing of the water *ut currere solebat*. It was claimed, that the dam was thus raised, with the consent and approbation of the plaintiff and his grantor. If this was proved, it justified the raising of the dam ; and the plaintiff could not recover, though the jury should not find a license *to use the water* as the defendant had used it. After the defendant (or his grantor) had incurred the expense of raising his dam, upon the faith of the plaintiff's consent, it was too late for the plaintiff to retract such consent, or to complain of the natural consequences of the acts which he had thus licensed. *Liggins* v. *Inge*, 7 *Bing.* 682. *Winter* v. *Brockwell*, 8 *East*, 308. *Hewlins* v. *Shippam*, 5 *Barn. & Cres.* 221.

2. That the plaintiff should have given the defendant notice of the obstruction and requested him to remove it, previous to the commencement of the action. *Brent* v. *Haddon, Cro. Jac.* 555. *Penruddock's* case, 5 *Co.* 101. *Tomlin* v. *Fuller*,

1 *Mod.* 27. 1 *Chitt. Plead.* 71. 2 *Chitt. Plead.* 333. n. c. *Winsmore* v. *Greenbank, Willes* 583. *Jenk.* 260. 2 *Stark. Ev.* 540.

3. The counsel waived the third exception stated in the motion, considering it as settled against them, by former decisions.

*Strong* and *Foster*, contra, contended, 1. That the question whether the defendant had proved a license from the plaintiff, or his grantor, to erect and continue the dam, was a matter of *fact*, to be submitted to the jury, as was done by the judge, and not a question of law, to be decided by the court, as claimed by the defendant. The intention of the parties and various extrinsic circumstances must be ascertained and examined, in order to determine whether a license has, or has not, been given. 1 *Stark. Ev.* 416. 417. *Powis* v. *Smith*, 5 *Barn. & Ald.* 850. *Lloyd* v. *Maund*, 2 *Term Rep.* 760. *Frost* v. *Bengough*, 1 *Bing.* 266.

2. That notice and request, in this case, were not necessary; because the injury complained of resulted from the defendant's own act in the use of the water, and not from the act of his grantor in raising the dam. *A* erects a building on his own land contiguous to *B*. *B* has thus far no ground of complaint. *A* grants the building to *C*, who uses it for a slaughter-house. May not *B* sue *C*, for the nuisance, without first trying the effect of notice and request? Does not the injury *originate* with *C*?

3. That the plaintiff is entitled to have the whole stream flow to him *ut currere solebat*, whether his present works require more or less than his former mill. *King* v. *Tiffany* & al. 9 *Conn. Rep.* 162. *Buddington* & al. v. *Bradley*, 10 *Conn. Rep.* 213.

SHERMAN, J. This motion complains of the charge as erroneous, in three particulars. 1. In not directing the jury that certain facts, which the defendant adduced testimony to prove, on the trial, amounted to a license. The silence of *Nathan Comstock*, under whom the plaintiff claims, when he was present, during the erection of the dam, and the opinion he is said to have expressed, that the dam would be beneficial to his mill, are, at most, but evidence of a license to erect the

New-London,
July, 1839.

Johnson
v.
Lewis.

dam.    The same may be said of the declaration of the plaintiff himself, that he was satisfied with the manner in which the defendant then used the water.    These acts and declarations were properly left to the jury as evidence of a license, and were accompanied with instructions from the court, which are unobjectionable.    The court could not regard them as a license, if stated in a plea, or found by a special verdict. The inference to be made from them, was within the peculiar province of the jury.

2. The defendant, at the trial, insisted, and requested the court to charge the jury, that this action could not be maintained, unless the plaintiff proved, that before the occurrence of the injuries for which he sought redress, he had made a special request of the defendant to remove the obstruction; but on this point the court gave no directions to the jury.

It was decided in *Penruddock's* case, 5 *Co.* 101., that without request to remove the nuisance a *quod permittat* would not lie against the feoffee of him who erected it.    That was for an injury occasioned by the defendant's roof projecting over the yard of the plaintiff.    In 1 *Chitt. Plead.* 71. it is said, that every occupier is liable for the continuance of a nuisance on his own land, though erected by another, if he refused to remove the same, after notice.    And in 2 *Chitt. Plead.* 333. note *c.* the author adds, that if the action is not brought against the original erector of the nuisance, but against his feoffee, lessee &c., it is necessary to allege a special request to the defendant to remove it.    An omission of this allegation, however, is cured by verdict; otherwise the remedy would be by motion in arrest.    Therefore, in *Tomlin* v. *Fuller,* 1 *Mod.* 27. although the court were unanimously of opinion, that an allegation of a request was in that case necessary, and that the declaration, without it, was bad on demurrer; yet, on motion in arrest, they gave judgment for the plaintiff, because the defect was cured by verdict.    How far proof of knowledge of the injury resulting from a dam or other nuisance, made by the defendant, on his own property, may, in any case, be requisite, it is not now necessary to determine; but the law is well settled, that a purchaser of the property on which a nuisance is erected, is not liable for its continuance, unless he has been requested to remove it.    This rule is very reasonable.    The purchaser of property might be

subjected to great injustice, if he were made responsible for consequences of which he was ignorant, and for damages which he never intended to occasion. They are often such as cannot easily be known, except to the party injured. A plaintiff ought not to rest in silence, and finally surprise an unsuspecting purchaser, by an action for damages ; but should be presumed to acquiesce until he requests a removal of the nuisance.

It is urged in argument, that the defendant himself is the author of the injuries which the plaintiff has sustained, because they result from his own use of the water, and not from the dam which was erected by his grantor. This position, however, is novel, and unsustained by any authority. The dam was erected for the purpose of retaining the water, and will necessarily produce that effect, unless, by raising the gate, an opening is made for its escape.

We consider the court as having erred in not presenting the law upon this point to the jury.

3. The court was requested, by the defendant, to charge the jury, that although the plaintiff had acquired a right to the limited use of water necessary for the carding-machine formerly established where the plaintiff's works are now located, yet he " could not recover for any obstruction of water, by the defendant, provided enough still flowed to the plaintiff's works to have carried such carding-machine, had it remained." But the counsel for the defendant have properly waived this point, considering it as already settled by the court, in the case of *Buddington* & al. *v. Bradley,* 10 *Conn. Rep.* 213.

Upon the second exception only we would advise a new trial.

In this opinion the other Judges concurred.

New trial to be granted.