Johnson, J.
The defendants upon the trial contended that inasmuch as they had no agency in placing or building the obstruction, in the stream, or in making the excavation or sluice-way through the bank, but both had been done by the Ithaca and Owego Railroad Company, long before the defendants were incorporated or became interested in the railroad, they were not liable. The court *490 refused to nonsuit the plaintiffs on this ground or to rule; or instruct the jury in accordance with the defendants’ positions, and decided, as matter of law, that the defendants were liable on the case as proved. It is now contended by the defendants that the bill of exceptions does not show any evidence of a request from the plaintiffs to the defendants to restore the ancient condition of the banks of the creek or to replace certain guards originally erected by the Ithaca' and Owego Railroad Company, to prevent the flow of the water out of its channel, which had decayed and-been carried away before the defendants came into possession of the railroad. If this matter be important to the rights of the parties, the defendants should have taken their ground upon it at the trial. If they had done so, the plaintiffs might have supplied the defect, if it be one. The request is properly averred in the complaint, and as no point was made at the trial upon the absence of proof of it, and the defendants put themselves upon ground which, if sustained, would render proof of request immaterial, they cannot now raise the objection. The case must therefore be considered as if such proof had been given.
The injury complained of was occasioned by the flooding of the plaintiffs’ lands in consequence of an alteration of the "banks of the creek and an obstruction of its channel. This is such a state of facts. as would give to the plaintiffs an action against a private person for the resulting injury upon the plainest principles. (Angell on Water Courses, § 331, a.)
The question then is whether this company, or the Ithaca and Owego Railroad Company, has received any authority from the legislature, which protects ..them from the responsibility which the law would impose upon a natural person under the same circumstances. The 10th section of the act, incorporating the Ithaca and Owego Railroad Company (Laws 1828, p. 17), provides that the corporation “ may construct the railroad across ox upon any road, highway, stream of water or water-course, if necessary; but *491 shall restore such road, highway, stream of water or watercourse thus intersected to its former state; or in a sufficient manner not to have impaired its usefulness or value to the owner.” The 11th .section of the act incorporating the defendants (Laws 1843, p. 305) provides that whenever it shall be necessary to intersect or cross any stream of water or water-course, or any road or highway, it shall be lawful for the corporation to construct their road across or upon the same, but in such a way as not to impair its usefulness. The question is, in the first place, one of construction, whether the language of the legislature purports to exempt these corporations from that measure of responsibility which would attach to the owner of the stream and of the land on both sides of it, who chose upon his own land to build a bridge across or a dam upon it. I think it does not require and should not receive such a construction. Whether the streams to be crossed happened to be public highways or private water-courses, the corporation, not being owners, required legislative authority to cross them with their road. This the act gives them, providing only for the benefit of persons interested in the use of the waters crossed, that the usefulness of the streams shall not be impaired. This confers upon the company authority to cross the streams with their road, but it would be a great stretch upon the language and an unwarrantable imputation upon the wisdom and justice of the legislature to hold that it imports an authority to cross the streams in such a manner as to be the cause of injury to others owning, adjoining property. They were bound, in crossing the stream with their road, by the same obligation which would have bound a private owner of the land and stream had he bridged it. The case of Lawrence v. The Great Northern Railway Co. (16 Ad. & El. 643), is precisely in point. The action was fox constructing a railway without leaving sufficient openings for the passage of flood waters, whereby the w.aters were forced upon the plaintiff’s lands. It was held that though the road was built *492 where the act pointed out that it should he, yet that as by proper caution they might have avoided the injury which the plaintiff had sustained, they were liable to the action. See also Rochester White Lead Co. v. City of Rochester (3 Comst., 463), and Radcliff v. Mayor of Brooklyn (4 Comst., 195).
The judgment should be affirmed.
Denio, J.
The only point specifically taken at the trial was that the action would not lie against the defendants for continuing the nuisance which was created by their predecessors in the title. On the argument it is insisted on their behalf that it is essential to the maintenance of an action against one for continuing a nuisance, that he should have been requested to remove it.
(1.) Every continuance of a nuisance is in judgment of law a fresh nuisance. (3 Black. Com., 220; Vedder v. Vedder, 1 Denio, 257, 261, and cases cited by Beardsley, J.)
(2.) If we should be of opinion that an action on the case could not be maintained against one who has continued a nuisance erected by another, without notice to remove it having been first given, the defendants could not claim the benefit of that principle in this case, for the reason that they failed to make any such objection at the trial. They contented themselves with insisting that an action would not lie for upholding and continuing the obstruction and excavation which had been made by defendants’ predecessors. Under such an objection the plaintiffs would not feel called upon to produce evidence of notice; and the only point to which the judge’s attention would be called, would be whether the action could be maintained against any one but the authors of the nuisance.
But I am of opinion that an action on the case will lie against one who continues a nuisance by which damage is occasioned to the plaintiff, without notice first given to remove it. Penruddock's Case (5 Coke 100), where the doctrine seems to have originated, was a quod permittat, a form *493 of action in which the successful plaintiff obtains a judgment not only for damages but for the abatement, or destruction of the thing which is claimed to be a nuisance; and it was held that such an action might be brought against him who did the wrong, without any request made, but that it could not be brought against his feoffee without a previous request to remove the nuisance. The case of Tomlin v. Fuller (1 Modern, 27) was an action on the case and was brought for keeping a passage shut up, so that the plaintiff could not come to cleanse his gutter. Twisden, Justice, said, “ and moist the defendant, in this case, keep his gate always open, expecting him? Wherefore it seems he ought to have laid a requestand he held that the defendant might have demurred, but that it was cured by the verdict. Neither of these cases establishes the defendants’ position. The remedy sought by a quod permittat involves an interference with the defendant’s real estate, which it is reasonable he should have an opportunity to do himself, before an authority is given to another to do it. The case from Modern turned upon the particular nature of the right which the plaintiff had to the use of the passage. It was to pass through it when he had occasion to cleanse his gutter. As this was occasional, merely, it was very correctly held that he ought to give notice when he desired to enter the passage for that purpose. In Salmon v. Bensley (Ryan v. Moody, 189), the action was case for erecting and continuing a steam-engine near the plaintiff’s dwelling-house. The defendant succeeded another person in the occupation of the premises where the engine was, and it did not appear that either of these parties put up the engine. A written notice had been given to the prior occupant, and it was objected at nisi prius that this did not bind the defendant. Abbott, C. J., said he was of opinion that a notice of this nature, delivered at the premises to which it related, to the occupier for the time being, would bind a subsequent occupier; and that a person, who takes premises upon which a nuisance *494 exists and continues it, takes them subject to all the restrictions imposed upon his predecessors by the receipt of such a notice. In the case before the court, the immediate predecessor of the defendants was the original wrong-doer, and the defendants are not in a better situation than a person who had succeeded to the possession of one who had himself continued a nuisance after being warned by a notice. On the authority of Penruddock’s Case, and of Tomlin v. Fuller, the supreme court of Connecticut held that in a case like the present the plaintiff could not recover in case against one who continued a nuisance without proof of notice to the defendant to remove it. (Johnson v. Lewis, 13 Conn., 303.) Being of the opinion that the principle is not established by any authority binding on us, and seeing nothing in the nature of the case which requires a notice to be given to the upholder of a nuisance,' as a condition to his being made - responsible for its consequences, I think such notice is not required to be given. Every one is bound so to use his own property that it shall not be the means of injury to his neighbors, and I think the proprietor should himself look to it and that he cannot safely wait to be admonished before reforming what may be dangerous to others. The principles upon which a railroad company is held liable for consequential damages to the property of individuals, notwithstanding the legislative grant, are correctly stated in Fletcher v. The Auburn and Syracuse Railroad Company (25 Wend., 462).
The judgment should be affirmed.
All the judges were in favor of affirmance, for the reasons stated in the opinion of Johnson, J. The court did not pass upon the question whether the defendant was liable, without notice to remove the obstruction and restore bank of the stream.
Judgment affirmed.