### HELENA RAU vs. MICHAEL URBAN ET ALS.

Third Judicial District, New Haven, June Term, 1931.
MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued June 2d—decided June 22d, 1931.

*Raphael Korff*, with whom, on the brief, was *Eli H. Milner*, for the appellants (defendants).

*Samuel A. Davis,* for the appellee (plaintiff).

BANKS, J.   The defendants are the owners of land through which runs a stream of water which, after crossing the land of intervening proprietors, flows through the land of the plaintiff.   The complaint alleged that the defendants wrongfully filled in the watercourse where it flowed across their land so that the water was diverted from its natural channel and thrown upon the plaintiff's land which it flooded.   The defendants claimed upon the trial that any filling in of the watercourse was done by their predecessors in title and that they were not responsible for the results.   The plaintiff filed, apparently at the close of the evidence, an amendment of the complaint which merely added to the allegation that the defendants wrongfully filled in the watercourse the words "or their predecessors in title."   The court found that the defendants graded some of their land lying westerly and southwesterly of the watercourse by filling it in, and that the grading of the land and the filling in of the watercourse "by the defendants and by their predecessors in title" obliterated it, diverted the water from its natural bed, and caused it to overflow the land of the plaintiff.

The defendants seek to have the finding corrected by adding paragraphs of their draft-finding to the effect that the watercourse was filled in by some person unknown to them long before their purchase of the property, and that when they purchased it they had no knowledge as to the previous condition of the watercourse.   They also seek to have stricken out the finding that the grading of their land and the filling in of the watercourse by them caused the diversion of the water from its natural bed.   Neither of these corrections could justifiably be made.   There was evi-

dence that the plaintiff had no trouble with the water before the defendants bought the property, and that it was mostly the filling done by them that caused the water to flow over her land. The claim made upon the argument that this was not a natural watercourse is disposed of by paragraph eleven of the finding which is not attacked.

The appeal asserts that the court erred in permitting the amendment to the complaint at the time of trial, in refusing to permit testimony offered by the defendants to meet the issue raised by the original complaint, and in not continuing the action to permit the defendants to plead over after the filing of the amendment. The allowance of the amendment was within the discretion of the trial court. It was apparently allowed after the evidence was in, to meet a claim made by the defendants that the stream was filled in by their predecessors in title and there seems to have been no occasion for the defendants to plead over. Nor does the finding show that they sought to file any additional pleading. The finding does not show that the court refused to permit the defendants to offer testimony upon the issues under the original complaint. We must determine these claims upon the basis of the finding without resort to the evidence printed to secure corrections in it.

The remaining contention of the defendants is that the court erred in holding that they were responsible for the acts of their predecessors in title in obstructing the natural flow of the water in the stream. They would be responsible after notice of the obstruction and a request to remove it. *Johnson* v. *Lewis,* 13 Conn. 303, 307; Joyce on Nuisances, § 456. The finding, by which again we must be guided, does not show that the defendants made any claim that there was a failure to request the removal of the obstruction be-

fore the action was begun. The finding that the stream was obstructed by the acts of the defendants and their predecessors in title is sufficient to support a judgment based upon the acts of the defendants without regard to whether they were legally responsible for the action of their predecessors in title, and no objection is taken to the form of the judgment.

There is no error.

In this opinion the other judges concurred.