THOMAS FALCO ET AL. *v.* JAMES PETER ASSOCIATES, INC., ET AL.

HOUSE, C. J., COTTER, SHAPIRO, MACDONALD and BOGDANSKI, Js.

Argued October 10—decided November 21, 1973

*Joseph H. Pellegrino,* for the appellants (defendants Francois A. Simon et al.).

*Wilbur J. Land,* for the appellees (plaintiffs).

BOGDANSKI, J.  The plaintiffs, Thomas and Dorothea Falco, brought this action for an injunction and for money damages against the defendants, Francois and Marie Simon, hereinafter called the defendants, claiming that the artificial alteration of the contour of the defendants' land injured the plaintiffs' contiguous property by changing the natural flow of surface water.  The matter was referred to the Hon. James P. Doherty, state referee, who, exercising the powers of the Superior

Court, awarded money damages to the plaintiffs. From the judgment so rendered, the defendants have appealed to this court.

In their appeal the defendants claim that the award of damages was not supported by the evidence and was contrary to the law. Because we agree with these contentions, we need not consider the other assignments of error.

The plaintiffs have owned their parcel of land in West Haven since 1938. The defendants purchased adjoining land south of the plaintiffs' property in November, 1968. The defendants' land was previously owned by James Peter Associates, Inc., which erected a large apartment house complex on the property in 1966. In the course of this construction, fill was placed on the defendants' land at heights varying from one to five feet for a distance of up to 200 feet along the boundary with the plaintiffs' land. Prior to the construction, the plaintiffs had no water problem on their land. Water drained from the defendants' land northerly and from the plaintiffs' land southerly into a shallow gully running from east to west parallel to the boundary line. From this gully the water would flow into a small brook to the west and then off the land of the plaintiffs and the defendants.

The state referee, after viewing the premises with counsel, found that the extensive landfill on the defendants' property altered the natural flow of water, causing water to flow onto the plaintiffs' land instead of away from it. He found that in consequence the water table under the plaintiffs' land was raised and that the plaintiffs' workshop and house cellar were subjected to substantial continuing water seepage.

The state referee concluded that the extensive landfill had caused "substantial damage" to the plaintiffs' land. He also concluded that "[s]uch condition was created by defendants['] . . . predecessor in title but the defendants . . . since their acquisition of title in November, 1968, have so maintained their premises . . . as to continue the damage being suffered by plaintiffs' property." He found that "an adequate solution" to the problem would be the construction of a concrete retaining wall and a French drain, both to be between 150 and 200 feet in length; that the cost of the wall and drain would be between $50 and $60 a linear foot, "or about $9,000.00" and accordingly he awarded the plaintiffs a judgment for $9000 plus $100 nominal damages "for the annoyance and interference since these defendants acquired title." He then concluded that the award of $9100 would fully compensate the plaintiffs for any future damage and that there was, therefore, no need to issue an injunction.

"Damages are an essential element of the plaintiff's proof before he is entitled to recover. . . . They must be proved with reasonable certainty." *Braithwaite* v. *Lee,* 125 Conn. 10, 14, 2 A.2d 380. Mathematical exactitude in the proof of damages is often impossible, but the plaintiff must nevertheless provide sufficient evidence for the trier to make a fair and reasonable estimate. *Hedderman* v. *Robert Hall of Waterbury, Inc.,* 145 Conn. 410, 414, 144 A.2d 60; *Ball* v. *T. J. Pardy Construction Co.,* 108 Conn. 549, 551, 143 A. 855.

"A landowner cannot use or improve his land so as to increase the volume of the surface waters which flow from it onto the land of others, nor can he discharge surface waters from his land onto the

land of others in a different course from this natural flow, if by so doing he causes substantial damage." *Taylor* v. *Conti,* 149 Conn. 174, 177, 177 A.2d 670. Moreover, one who maintains such an alteration in his land, though it was created by his predecessor in title, may, after a request to remove it, be held liable for the continuing injury. *Rau* v. *Urban,* 113 Conn. 402, 404, 155 A. 498; *Johnson* v. *Lewis,* 13 Conn. 303, 307. The measure of damages for such injury to real property is the diminution in its value. *Taylor* v. *Conti,* supra, 180; *Stratford Theater, Inc.* v. *Stratford,* 140 Conn. 422, 424–25, 101 A.2d 279; *Whitman Hotel Corporation* v. *Elliott & Watrous Engineering Co.,* 137 Conn. 562, 573, 79 A.2d 591. Where the injury to realty is reparable, as the state referee found to be the case here, the diminution in value "may be determined by the cost of repairing the damage, provided, of course, that that cost does not exceed the former value of the property and provided also that the repairs do not enhance the value of the property over what it was before it was damaged." *Whitman Hotel Corporation* v. *Elliott & Watrous Engineering Co.,* supra; *Taylor* v. *Conti,* supra; *Stratford Theater, Inc.* v. *Stratford,* supra, 424.

The state referee's findings are in crucial respects deficient, and do not, therefore, support the award of damages. First, there is no finding that the defendants were given notice of the condition and thereafter refused to correct it. *Johnson* v. *Lewis,* supra. Second, the state referee made no finding as to the former value of the plaintiffs' property or as to whether the repairs contemplated would enhance the value of the property beyond what it was before the injury.

In their brief the plaintiffs argue that since the state referee viewed the premises, he could take judicial notice of the value of the property before and after the repairs. Whether the state referee could have found from his inspection of the land that his award did not exceed the former value of the land or unduly enhance its value is a question we need not consider, since he made no such findings. While it is true that this court also can take judicial notice of appropriate facts; *Arthur* v. *Norfield Congregational Church,* 73 Conn. 718, 731, 49 A. 241; the doctrine of judicial notice cannot avail the plaintiffs in this case. "[F]acts may be judicially noticed which are so notorious that the production of evidence would be unnecessary, or which the judicial function supposes the judge to be familiar with, in theory at least, or which, although they are neither notorious nor bound to be judicially known, are 'capable of such instant and unquestionable demonstration, if desired, that no party would think of imposing a falsity on the tribunal in the face of an intelligent adversary.' 9 Wigmore, . . . [Evidence (3d Ed.)] § 2571." *State* v. *Tomanelli,* 153 Conn. 365, 369, 216 A.2d 625. The facts of which the plaintiffs would have us take notice do not fall within any of the aforementioned categories.

The conclusions reached by a trial court cannot stand if they are legally or logically inconsistent with the facts found or if they involve the application of an erroneous rule of law material to the case. *Brauer* v. *Freccia,* 159 Conn. 289, 293, 268 A.2d 645. Since the state referee applied an incorrect measure of damages for injury to real estate, and since his conclusion is not supported by the finding, the award of $9000 damages cannot stand.

There is error in part, the judgment is affirmed except as to the amount of damages awarded, and a new trial is ordered limited to that issue.

In this opinion the other judges concurred.