[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISCHARGE LIS PENDENS CT Page 595
This is an action for an injunction against and damages for water drainage and flooding from construction on the defendants' property. The plaintiff owns land below the defendants' property and claims that the increased water amounts to a private nuisance and trespass. At the commencement of the action the plaintiff filed a lis pendens against the defendants' property in the Ridgefield land records under section 52-325 of the General Statutes. The defendants have filed a motion to discharge it under section 52-325a, claiming that the lis pendens is improper because the action does not claim an interest in land.
Section 52-325(a) allows a lis pendens in a civil action "if the action is intended to affect real property". This phrase is defined in subsection (b) of the statute as: "(1) actions whose object and purpose is to determine the title or rights of the parties in, to, under or over some particular real property; (2) actions whose object and purpose is to establish or enforce previously acquired interests in real property; (3) actions which may affect in any manner the title to or interest in real property, notwithstanding the main purpose of the action may be other than to affect the title of such real property." In order for an action to affect real property under the statute, its purpose or outcome must determine the rights of the parties in or to the particular real property, or it must enforce previously acquired interests in it. Wheeler v. Polasek,21 Conn. App. 32, 33-34.
The property in question is the land of the defendants against which the lis pendens is filed, not the land of the plaintiff. "From the face of the statute it is clear that a notice of lis pendens is appropriate only where the pending action will in some way, either directly or indirectly, affect the title to or an interest in the real property itself." Garcia v. Brooks Street Associates, 219 Conn. 15, 22.
If the plaintiff recovers under either a nuisance or trespass theory, it may obtain an injunction against further discharges, recover damages, or both, depending upon the evidence at trial. Falco v. James Peter Associates,165 Conn. 442, 445-46; Taylor v. Conti, 149 Conn. 174, 177; see also Ferri v. Pyramid Construction Co., 186 Conn. 682, 686. It claims that it is entitled to a lis pendens under subsection (3) of section 52-325(a) and that this is an action "which may affect in any manner the title to or interest in real property." This claim breaks down under analysis. If an CT Page 596 injunction is issued to stop or alter the drainage, it will be issued against the defendants, not their land. The plaintiff will not receive any interest in the defendants property, and the injunction will not affect the title to it. Where the remedy requested in the action does not affect the title of the real estate owned by the adverse party, a notice of lis pendens is properly discharged as it no longer serves its purpose, which is to put potential buyers of the real estate and creditors of its owners on notice that the real estate may be subject to pending adverse interests that may affect the title or right to the property, Garcia v. Brooks Street Associates, supra, 22.
Several cases disallowing a lis pendens are illustrative of this principle. Longstaff v. Hurd, 66 Conn. 350, 358-59 (application to appoint a receiver to take charge of partnership assets which included real estate); Garcia v. Brooks Street Associates, supra (action for damages only for conversion of buildings into common interest communities); Ratick v. Scalo,165 Conn. 675 (dispute over interest of plaintiff in stock issued by corporation did not allow lis pendens on corporate land); Wheeler v. Polasek, supra, 34 (action for accounting of partnership assets did not allow one general partner to file lis pendens against land owned by partnership, since partnership realty is considered personalty as to any individual partner interest in it); Kovacs v. Sylvia M Inc., 7 CSCR 874
(1992) (action for broker's commission on sale of land). See also 51 Am.Jur.2d 996-970, Lis Pendens, section 21.
The exact issue in this case was decided by the New York Court of Appeals in Braunston v. Anchorage Woods, Inc.,10 N.Y.2d 302, 222 N.Y.S.2d 316,178 N.E.2d 717 (1961), where there was a claim that collecting and dumping surface water from land of the defendants on to land of the plaintiffs was a nuisance. Since an action to abate a nuisance, for a mandatory injunction, and for damages for discharge of surface water did not affect the title or possession of real property, the lis pendens was discharged. A similar result was reached in Doar v. Kozick, 448 N.Y.S.2d 56, 87 A.2d 603 (1982) where a lis pendens filed by a downstream property owner against land of a upstream developer was discharged since the action sought only to prevent the developer from using the land in what was claimed was a wrongful manner, and the downstream property owner claimed no right, title or interest in the developer's property.
The motion to discharge the lis pendens is granted.
Robert A. Fuller, Judge CT Page 597