[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an action for personal injuries arising out of an automobile accident that occurred on November 30, 1993, on Clapboard Ridge Road in Danbury Connecticut. The plaintiffs, Maria and Humberto Ferreira, brought suit against multiple parties,[1] including the defendants; The Barry Children Trust (hereinafter the "Trust"); Jana Barry, Trustee (hereinafter Barry); and BRNO Development Group, Ltd. (hereinafter "BRNO"), the parties to the present motion for summary judgment.
On the morning of November 30, 1993, Maria Ferreira was the owner and operator of a motor vehicle traveling in a westerly CT Page 171 direction on Clapboard Ridge Road in Danbury. At that time, Ferreira's vehicle traveled over a sheet of ice on the highway, making traction impossible and causing her to lose control of her vehicle and collide with oncoming traffic. The complaint alleges that at the time of the accident, Ferreira was exercising due care in operating her automobile, and that as a result of the collision, she sustained various injuries and losses.
In count four, a negligence claim against the Trust, Barry and BRNO, the plaintiffs essentially assert that the defendants, as owners of property that abuts the public highway where the accident occurred, negligently created, failed to remedy and/or failed to warn of the defective conditions on or near their property which caused an unreasonably dangerous condition for motorists on the adjacent roadway. Specifically, the plaintiffs allege that the Trust, BRNO and Barry "were and are still the owners of a certain property located at 32 Clapboard Ridge Road" (hereinafter the "property"). In paragraph six of count four, the plaintiffs allege that Ferreira's injuries and losses were caused by the defendants in that they: (1) failed to maintain their property in a reasonably safe manner thereby causing a dangerous condition on the adjoining roadway; (2) failed to properly design, engineer and/or construct the landscape of the property; (3) failed to redesign, reengineer and/or reconstruct the inadequately and improperly designed defect in the property; (4) altered, changed, transformed, modified and/or otherwise varied the natural flow of runoff waters from their property; (5) were derelict in their duties to maintain the premises; (6) knew or should have known that a catch basin located on the shoulder adjacent to their property was inadequate to drain the roadway of the runoff waters in that area; (7) failed to post warning signs in the area to warn approaching vehicles of the hazardous condition existing on the premises; and (8) knew or should have known of these conditions because the conditions had existed for a sufficient period of time, and that the movants or their agents should have taken measures to remedy and correct them, but that they failed to do so. Count eight asserts a loss of consortium claim on behalf of Ferreira's husband, Humberto, based upon the allegations contained in count four.
The defendants have moved for summary judgment as to the fourth and eighth counts of the plaintiffs' complaint. They contend that they are entitled to summary judgment on the grounds that there are no genuine issues of material fact that: (1) on the date of the accident, BRNO and Barry were not the owners of CT Page 172 the property abutting the highway where the accident occurred, and therefore, cannot be held liable on the theory alleged in the complaint; and (2) the Trust, which was the owner of the abutting property at the time, was not instrumental in creating the condition that allegedly caused the accident, and therefore, owed no duty to travellers on the highway where the accident occurred.
In support of their motion for summary judgment, the defendants submit the signed, sworn affidavits of Jana Barry and Alan Barry. Jana Barry attests to the following relevant facts: that she is the trustee for the Trust; that on the date of the accident, November 30, 1993, the Trust was the owner of the property located at 32 Clapboard Ridge Road; that the Trust became owner of the property on December 31, 1991, by virtue of a warranty deed recorded in volume 966, page 466, of the Danbury Land Records; that she Jana Barry, in her capacity as trustee, was not the owner of the property on November 30, 1993; and that the Trust, its agents and/or designees, and Jana Barry, in her individual capacity and/or as trustee of the Trust, have never altered, changed, modified or transformed the landscaping of the property, nor have they ever altered the natural flow of runoff waters from or the grading of the property. In his affidavit, Alan Barry attests that: he is the secretary of BRNO; on November 30, 1993, BRNO did not own, maintain or control the property; and that BRNO never altered, changed, modified or transformed the landscaping or grading of the property.
The defendants argue that the basis of liability alleged in count four is that the defendants "were and are still the owners" of the property, but that the evidence presented in the defendants' affidavits shows that BRNO and Barry did not own the property at the time of the accident. They maintain that BRNO and Barry cannot, therefore, be held liable for negligence as a matter of law because they did not owe a duty to the plaintiffs. Consequently, they are entitled to summary judgment as to counts four and eight.
The Trust claims that while it was the owner of the property on November 30, 1993, as a general rule, in the absence of a statute or ordinance, a landowner is under no duty to keep the public highway in front of its property in a reasonably safe condition and is not liable for conditions that it has not been instrumental in creating. The Trust relies on Wilson v. NewHaven, 213 Conn. 277, 280 (1989) in support of this proposition. It contends that the evidence presented in the affidavit of Jana CT Page 173 Barry demonstrates that the Trust, its agents or designees, have never altered the landscaping, drainage or grading of the property, and that the Trust, therefore, was not instrumental in creating the allegedly dangerous condition in the adjacent roadway. The Trust asserts further that the plaintiffs have presented no contradictory evidence that the Trust was instrumental in creating the condition, and that, therefore, it is entitled to summary judgment.
As to count eight, all three defendants contend that since there is no basis of liability in negligence under count four, they are entitled to summary judgment on count eight, the derivative loss of consortium claim.
In opposition to the motion for summary judgment, the plaintiffs claim that the defendants were instrumental in creating the condition that caused the accident. In support of their claim, the plaintiffs have submitted the signed, sworn affidavit of Alvin M. Bryski, a consultant for International Technomics Corporation in New York. Bryski is a civil engineer by training, with expertise in highway design and construction and accident reconstruction. Bryski attests that on March 28, 1994, he examined the area of Clapboard Ridge Road where the accident occurred. He states that on the southbound side of the road, where Ferreira was driving at the time of the accident, there is a sand embankment to the left of the driveway located at 32 Clapboard Ridge Road, the property presently in question. Bryski attests that the sand from the embankment fills the shallow shoulder of the road, which was intended to act as a drainage channel, and allows water to flow onto the road. He further attests that because of the transverse slope of the road, the water flows across the road at an angle, and that a low temperature the night prior to the accident would have frozen the water and caused Ferreira to skid.
On the issue of ownership or control of the property, however, the plaintiffs present no counteraffidavits or other evidence that BRNO or Barry owned, controlled or maintained the property on November 30, 1993. Instead, the plaintiffs assert a new theory not alleged in the complaint, that a landowner, whose predecessors in title have altered the natural flow of surface water to the detriment of adjacent real property, who maintains such an alteration, may be held liable for the continuing injury. The plaintiffs rely on Falco v. James Peter Associates. Inc.,165 Conn. 442 (1973) in support of this proposition. Regardless of CT Page 174 the flaws in this argument in so far as it is used to assert liability against BRNO and Barry, the plaintiffs present no evidence that BRNO or Barry ever held title to the property in question.
"Summary judgment `shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.' Practice Book § 384. In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." (Internal quotation marks omitted.) Home Ins. Co. v. Aetna Life Casualty Co.,235 Conn. 185, 202 (1995). "The test is whether a party would be entitled to a directed verdict on the same facts." (Citations omitted; internal quotation marks omitted.) Haesche v. Kissner,229 Conn. 213, 217 (1994). Moreover, "[o]nly evidence that would be admissible at trial may be used to support or oppose a motion for summary judgment." Home Ins. Co. v. Aetna Life Casualty Co.,
supra, 202-03.
"Although the moving party has the burden of presenting evidence that shows the absence of any genuine issue of material fact, the opposing party must substantiate its adverse claim with evidence disclosing the existence of such an issue." Haesche v.Kissner, supra, citing thereon to Connecticut Bank Trust Co. v.Carriage Lane Associates, 219 Conn. 772, 781 (1991). "If the affidavits and the other supporting documents [in opposition to summary judgment] are inadequate, then the court is justified in granting the summary judgment, assuming that the movant has met his burden of proof." (Citation omitted; internal quotation marks omitted.) 2830 Whitney Avenue Corp. v. Heritage Canal DevelopmentAssociates. Inc., 33 Conn. App. 563, 569 (1994).
In the present case, there is no genuine issue of material fact in dispute as to the ownership or control of the property on November 30, 1993, the date of the accident. The defendants have presented evidence that the Trust owned the property on that date, and has owned the property since December, 1991. The defendants also presented evidence that BRNO and Barry did not own or control the property at the time of the accident. The plaintiffs have presented no contradictory evidence raising a question as to whether BRNO and/or Barry owned or controlled the property on the date in question. Since BRNO and/or Barry did not own or control the property on November 30, 1993, the plaintiffs CT Page 175 may not recover against them in negligence. Mack v. Clinch,166 Conn. 295, 296 (1974) (liability in negligence must be predicated on ownership, possession or control of the premises). BRNO and Barry are entitled to summary judgment as to count four.
Because the plaintiffs cannot recover against Barry and BRNO in negligence, they cannot recover for loss of consortium based on the negligence alleged in count four. BRNO and Barry are entitled to summary judgment on count eight as well.
With regard to the Trust, there is a material factual dispute concerning whether the Trust, its agents or designees, created the allegedly hazardous condition. As a general rule, "[a]n abutting landowner, in the absence of statute or ordinance, ordinarily is under no duty to keep the public sidewalk in front of his property in a reasonably safe condition for travel."Wilson v. New Haven, supra. An abutting landowner can, however, "be held liable in negligence . . . for injuries resulting from an unsafe condition of a public sidewalk caused by positive acts of the [landowner]." Gambardella v. Kaoud, 38 Conn. App. 355, 358
(1995), citing Hanlon v. Waterbury, 108 Conn. 197, 200 (1928). See also Wilson v. New Haven, supra, 281; Coyle v. Waterbury,
Superior Court, judicial district of Waterbury at Waterbury, Docket No. 96884 (December 6, 1991, Blue, J.).
In the present case, the plaintiffs do not allege that there is a statute or ordinance that created a duty owed to the plaintiffs by the Trust. They do allege, however, that their injuries were caused by the Trust in that the Trust, its agents or designees, inter alia, "altered, changed, transformed, modified and/or otherwise varied the natural flow of run-off waters off of their property, thereby causing a hazardous condition." This allegation is of a positive act by the Trust, which, if proved at trial, could form the basis for the Trust's liability in negligence. See Gambardella v. Kaoud, supra, 359 (finding that the plaintiff's allegation that defendants caused sand, sticks and debris to accumulate on public walkway, thereby concealing the cracked surface that injured the plaintiff, raised a question of fact as to whether the defendants performed a positive act that created the unsafe condition).
The Trust failed to adduce evidence in support of their motion for summary judgment to establish the absence of a factual dispute in connection with the allegation that the Trust actively caused the unsafe condition of the roadway. The only evidence CT Page 176 produced in connection with this allegation comes in the form of affidavits submitted by the defendants. In these affidavits it was averred that none of the defendants have ever altered the landscaping or grading of the property, or the natural flow of runoff waters from the property. These pronouncements are little more than denials of the facts alleged in the complaint. Denials of allegations in a complaint are an insufficient basis for rendering summary judgment. Gambardella v. Kaoud, supra, 359-60 (finding that defendants' averments that none of the defendants had created any unsafe condition on the sidewalk, nor had any of the defendants created or maintained any situation that had caused the sidewalk to become uneven or cracked amounted to mere denials of the allegations in the complaint and were insufficient to render summary judgment), citing Plouffe v. New York. N.H. H.R. Co., 160 Conn. 482, 488-89 (1971). Thus, the Trust has not met its burden of providing evidence to establish the absence of a material factual dispute.
Furthermore, were the court to conclude that the Trust has met its burden of production, the plaintiffs have substantiated their adverse claim by presenting evidence disclosing the existence of a genuine issue of material fact regarding the creation of a hazardous condition. The affidavit of Alvin Bryski, the plaintiffs' expert, demonstrates that there is a sand embankment at the edge of the Trust's property that blocks the drainage channel and could cause a potentially hazardous condition in the roadway in cold weather. While Bryski does not attest to the origins of the sand embankment, his testimony raises a question as to whether an affirmative act by the defendants created the embankment, and, potentially, the dangerous condition which allegedly caused the plaintiffs' injuries. There is a material fact in dispute as to whether the Trust, its agents or designees, created the hazardous condition upon the roadway, therefore whether the Trust may be liable to the plaintiffs. The motions for summary judgment on counts four and eight are denied as to the defendant Trust and, accordingly, granted as to defendants BRNO and Barry.
Moraghan, J.