[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This case involves a dispute between adjacent property owners on West Hill Circle in Stamford regarding drainage. The plaintiffs, Maurice Gentile and Barbara Gentile, own premises at 66 West Hill Circle, and the named defendant, William K. Reed, and his successors in title, the defendants, Joseph M. Romanello and John Barbaria, own premises at 64 West Hill Circle, to the south of the property of the Gentiles.
The plaintiffs filed a thirteen count amended complaint against Reed, Romanello and Barbaria, and several other defendants. This complaint was dated August 24, 1994, and then further revised on January 19, 1995. The dispute with the other defendants was resolved before trial, and hence the case proceeded against Reed and Romanello and Barbaria only. The counts against Reed and Romanello and Barbaria allege nuisance, the withdrawal of lateral support, and trespass. The plaintiffs seek injunctive relief, ejectment, the quieting of title, money damages and attorney's fees. A default entered against Reed for his failure to appear and ultimately a judgment against Reed was recommended by the attorney trial referee to whom the case was referred. Romanello and Barbaria appeared by counsel and contested the plaintiffs' claims, and are hereafter referred to as the defendants.
The plaintiffs allege that between 1985 and 1988, Reed CT Page 8075 deposited and spread fill on their property, as well as on his own, thus altering and raising the elevation and blocking the natural drainage flow from the plaintiffs' property in a southerly direction toward a wetland in the rear of the property now owned by the defendants. Thus, according to the plaintiffs, their property became ponded and flooded. The plaintiffs also allege that Reed removed lateral support, which caused erosion and subsistence of rock and soil from the plaintiffs' property. The plaintiffs further claimed that the defendants, Romanello and Barbaria, purchased 64 West Hill Road in April, 1991, after a lis pendens was filed against the property, and that they thereafter maintained both a nuisance created by Reed and the encroachment on the plaintiffs' property. The defendants, in their answer, denied the material allegations of the complaint, and asserted a special defense of contributory negligence on the basis that the plaintiffs themselves directed water onto their own property.
The case was referred to Attorney David M. Cohen, an attorney trial referee, in accordance with General Statutes § 52-434
(a) and Practice Book § 428 et seq. The referee conducted a three-day trial, including a visit to the subject parcels, and then submitted a report finding the following facts: (1) the plaintiffs acquired title to 66 West Hill Circle in 1964; (2) in 1985 Reed deposited "a substantial quantity of fill" on the rear portion of his own property, and he also placed fill that actually encroached on the plaintiffs' property and acted as, or formed, a berm or mound; (3) Reed made a vertical excavation cut along his boundary with the plaintiffs' property and he also erected a fence in the nature of a retaining wall on the boundary line; (4) the vertical excavation of approximately four feet cut by Reed along the boundary caused a boulder and some soil belonging to the plaintiffs to collapse along the property line; (5) a fence along the property line was partially collapsed because of the eroding soil and fallen boulder; (6) Reed planted approximately fourteen evergreen trees on the berm located on the plaintiffs' property; (7) the ponding on the plaintiffs' property occurs ten to fifteen times a year over an area approximately twenty to twenty-five feet in length and four to eight feet in width; (8) a drainage pipe installed by the plaintiffs on their property had not been blocked by the fill deposited on their land by Reed in 1985; (9) the plaintiffs did not know of the ponding and encroachment until January, 1991, when they engaged in some clearing in the rear of their property; (10) a Lis Pendens was filed by the plaintiffs on 64 West Hill Circle on March 21, 1991, and the defendants acquired title to this property on April 30, CT Page 8076 1991, at a foreclosure sale; and (11) the defendants did not know of Reed's activities until they were served with process in this suit on June 28, 1991.
The attorney trial referee concluded, on the basis of the above findings of fact, that: (1) the fill deposited by Reed on the plaintiffs' land near the boundary line modified the previous slope of the land, and acted as a berm which in turn caused water to "pond" on the plaintiffs' property; (2) Reed is liable to the plaintiff for trespassing on the plaintiffs' property and erecting a berm thereon, which disrupted the previous direction of the flow of surface water in a southerly direction; (3) the vertical cut made by Reed along the boundary deprived the plaintiffs' property of lateral support; (4) judgment should enter in favor of the plaintiff against Reed for $22,080, representing the cost to remove the berm and correct the drainage, flooding and erosion of lateral support, plus prejudgment interest; (5) the defendants had not taken any measures to remedy the deprivation of lateral support to the plaintiffs' property, including the subsistence of rocks and dirt, and hence are liable to the plaintiffs in the amount of $3,800, which will pay for the replacement and repair of the stockade fence and the erection of a retaining wall in order to provide lateral support to the plaintiffs' property; (6) an injunction against the defendants was not recommended because an award of damages will adequately compensate the plaintiffs for the loss of lateral support; (7) the defendants did not maintain a nuisance as alleged by the plaintiffs because the ponding on the plaintiffs' property did not constitute "a genuinely dangerous condition" and did not "materially" affect the plaintiffs' use of their property; (8) the ponding did not constitute a "continuing harm," and the defendants did not maintain or increase the berm, and they did not use their property unlawfully; (9) the plaintiffs did not prove that they had an "easement by prescription" to the flow of surface water pursuant to General Statutes § 47-37, because their use of drainage onto the defendants' property was not "open, visible, uninterrupted (or) continuous;" (10) the defendants had not trespassed on the plaintiffs' property as they made no claim to land belonging to the plaintiffs or the trees that Reed had planted on the plaintiffs' land; (11) the defendants should not be ordered to remove the berm erected on the plaintiffs' land by their predecessor in title; and (12) because the defendants made no claim to the berm located on the plaintiffs' property or the trees, a decree quieting title in favor of the plaintiffs to CT Page 8077 their own land was not necessary.
Pursuant to Practice Book § 438, the plaintiffs moved to correct the referee's report. The plaintiffs sought the addition of the following corrections to the report: (1) there was no evidence of any ponding on the plaintiffs' property prior to Reed's depositing of fill; (2) the berm erected by Reed on the plaintiff's property consists of dirt, rocks and chunks of concrete and asphalt and is not "clean fill;" (3) the plaintiffs are unable to walk on or use the area of their property where Reed constructed the berm; (4) the erosion of the berm could cause damage to the drainage pipe that the plaintiffs had installed on their property; (5) a swale or channel should be constructed on the defendants' property at 64 West Hill Circle in order to correct the ponding on the plaintiffs' property; (6) the natural drainage of surface water from the plaintiffs' land south to the rear of the defendants' property had been altered and caused ponding on the plaintiffs' property; (7) the defendants should be ordered to remove the berm in order to restore the original drainage and prevent flooding, erosion and diminution of lateral support; (8) the plaintiffs had drained their property over the defendants' land for more than fifteen years under a claim of right as well as openly, visibly and continually; and (9) the value of the plaintiffs' property had been diminished by approximately $30,000.
In response to the motion to correct filed by the plaintiffs, the attorney trial referee declined to change his recommendation to the court that judgment enter in favor of the plaintiffs for $22,080 against Reed, and for $3,800 against the defendants. The referee did, however, make several changes to the findings of fact contained in his report as a result of the plaintiff's motion. The referee determined that: (1) if Reed had followed certain drainage plans that had been prepared for him, the flooding "may" not have happened on the plaintiffs' property; (2) prior to Reed's activities, the drainage on the plaintiffs' property "probably" traveled east before turning south on the defendants' property; and (3) a portion of the berm is located on both of the subject properties and caused drainage that had previously flowed from the plaintiffs' property to now accumulate on the plaintiffs' property. The referee did not make the other requested changes in the motion to correct filed by the plaintiffs since he decided that they either had already been adequately addressed in his report, or were immaterial. CT Page 8078
The plaintiffs thereafter filed exceptions to the referee's report pursuant to Practice Book § 439. They also filed the required transcript of the evidence that was introduced at the trial before the attorney trial referee. The exceptions repeat the substance of the plaintiffs' motion to correct. The plaintiffs also filed objections to the acceptance of the referee's report pursuant to Practice Book § 440 ("A party may file objections to the acceptance of a report on the ground that conclusions of fact stated in it were not properly reached on the basis of the subordinate facts found, or that the committee erred in rulings on evidence or other rulings or that there are other reasons why the report should not be accepted"). "Section 440, however, cannot be used to attack findings of fact." Iroquois Gas Transmission System v. Mileski,43 Conn. App. 47, 51, 682 A.2d 140 (1996).
Regarding this court's scope of review of an attorney trial referee's report regarding the facts of a given case, the Supreme Court reiterated in Edgar v. Edgar, 238 Conn. 839, 848-49,679 A.2d 937 (1996), that "[a] reviewing authority may not substitute its findings for those of the trier of the facts. This principle applies no matter whether the reviewing authority is the Supreme Court . . . the Appellate Court . . . or the Superior Court reviewing the findings of . . . attorney trial referees. See Practice Book § 443 . . . The factual findings of a [trial referee] on any issue are reversible only if they are clearly erroneous . . . [A reviewing court] cannot retry the facts or pass upon the credibility of the witnesses . . . A finding of fact is clearly erroneous when there is no evidence in the record to support it . . . or when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." (Citations omitted; internal quotation marks omitted.) See alsoTDS Painting and Restoration, Inc. v. Copper Beach Farm, Inc.,45 Conn. App. 743, ___ A.2d ___ (1997).
Again, according to Edgar v. Edgar, supra, 238 Conn. 845, this court has two tasks to perform in reviewing an attorney trial referee's report. The first is to determine whether the "referee's findings of fact were supported by the evidence." Id.
The second task is to ascertain whether "the conclusions drawn therefrom were legally and logically correct." Id. As stated inRomano v. Derby, 42 Conn. App. 624, 628, 681 A.2d 387 (1996), "[a]fter reviewing the transcript and testimony of the hearing, the trial court concluded that a sufficient basis existed in the CT Page 8079 evidence to support the attorney trial referee's findings and therefore concluded that judgment should be rendered for the defendant."
As to the first task of determining whether there is support in the record for the factual findings of the referee, it is noted that the plaintiffs disagree not so much with the basic facts found by the referee, but rather about the ultimate conclusion that should be drawn from the facts. ("The Trial Referee erred in the conclusions he reached based on these findings [of facts]"). Therefore, a review of the evidence to determine whether the referee's findings of fact find support in the transcript is not necessary in this case. Stamford v. Kovac,36 Conn. App. 270, 274-75, 650 A.2d 626 (1994).
In addition to insuring that the factual findings are supported by the evidence introduced at trial, the court in reviewing an attorney trial referee's report must also determine whether "the conclusions reached were in accordance with the applicable law." Thermoglaze, Inc. v. Morningside Gardens, Inc.,23 Conn. App. 741, 746, 583 A.2d 1331, cert. denied,217 Conn. 811, 587 A.2d 153 (1991). See also Bernard v. Gershmann,18 Conn. App. 652, 656, 559 A.2d 829 (1989). The objections filed in this case relate essentially to the following issue as aptly phrased by the plaintiffs: "Whether a successor in interest is responsible for certain type of conduct which has caused damage to a neighbor's property?" The plaintiffs contend that the defendants are liable for the maintenance of a nuisance and should therefore be ordered to remove the berm or pay for its removal. The referee determined that the intermittent ponding did not constitute the maintenance of a nuisance because it was not dangerous to the plaintiffs and had not caused their drain pipe to be backed up. The referee also determined that while Reed had committed a nuisance, the defendants were not liable for correcting the problem or taking any affirmative action because the defendants were making a reasonable use of their property and had not themselves invaded land of the plaintiffs or made any claim thereto.
The plaintiffs rely primarily on Falco v. James PeterAssociates, Inc., 165 Conn. 442, 446, 335 A.2d 301 (1973), for the proposition that a successor in title can be held liable for the actions of his predecessor in title in that "one who maintains such an alteration in his land, though it was created by his predecessor in title, may, after a request to remove it, CT Page 8080 be held liable for the continuing injury." The referee, however, distinguished this case by noting that the water diverted by the defendants' predecessors in title in Falco drains towards the workshop and house cellar and subject them "to substantial continuing water seepage." Id., 444. In this case the referee said that the filling on the subject property fell "far short of . . . continuing harm." Therefore, the conclusion that the defendants are not responsible for the maintenance of a nuisance is legally and logically consistent with the facts found by the referee. Romano v. Derby, supra, 42 Conn. App. 628.
Thus, no material error in the referee's report had been found, nor is there any other sufficient reason for rendering the report unacceptable. Practice Book § 443. Hence, as to the plaintiffs' complaint, judgment is entered in favor of the plaintiffs against the defendant Reed in the amount of $22,080, plus prejudgment interest in accordance with General Statutes § 37-3a. Judgment is also entered in accordance with the recommendation of the attorney trial referee in favor of the plaintiffs against the defendants Romanello and Barbaria in the amount of $3,800. Costs shall be taxed by the clerk.
So Ordered.
Dated at Stamford, Connecticut, this 22nd day of July, 1997.
William B. Lewis, Judge