[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In this case, the plaintiff sues an individual defendant, Roger Clark, for (1) breach of contract under which it claims a commission is due on the sale of certain printing equipment; and (2) unjust enrichment to the defendant.
The plaintiff's claim is based upon a writing dated November 10, 1992, in the form of a letter of Consignment Agreement ("Agreement") signed by the plaintiff and the defendant, "Roger Clark, Post Offset"[1]
From the evidence presented, the court can reasonably find the following facts. A certain printing business was sold in 1986 from Post Offset Printing, Inc., to Westport Printing and Graphics, Inc. The defendant here was the president of the buyer corporation, the name of which was subsequently changed to Post Printing Graphics Corp. At the time of the document signed by the plaintiff and defendant, there was no corporation known as "Post Offset". There came a time in 1992 when the defendant decided to sell the equipment used in the business, and engaged the plaintiff to find buyers for the equipment. The Agreement, in which the plaintiff was appointed the exclusive agent, referred to "Amendment A" as containing a list of the equipment to be marketed under the Agreement. There was no Amendment A included in or attached to the Agreement.
Thereafter, the plaintiff produced two prospective buyers who eventually bought equipment from the defendant. Avon Reproductions, Inc. ("Avon") paid the defendant $150,000 pursuant to a contract for the purchase of the business of Post Printing, Inc.[2] Also, John Bellotti Corp., purchased for $30,000 certain equipment not included in the Avon sale. Both the Avon and Bellotti sales included more than merely printing equipment. The contract with Avon, for the consideration of $150,000, concerned the sale of the business of Post Printing, Inc., including good will, customer lists, restrictive covenants of the defendant and of his son Scott Clark, negatives, art work, the trade name "Post Printing", and an employment contract with an CT Page 10434 employee of the seller. Although there was no evidence as to the full list of the equipment sold to Bellotti, it included at least printing presses, a van, and office furniture. After consummation of these sales, the plaintiff sought to receive commissions based upon the agreement.[3]
The defendant raises several defenses to the action: (1) The defendant did not own the equipment and was acting on behalf of the corporation, Post Printing, Inc., and thus is not individually liable; (2) the Agreement is unenforceable because it failed to identify the subject matter of the contract; (3) the Agreement provides that the defendant owes no commissions to the plaintiff when the equipment is sold by the plaintiff, but rather any such commissions were to be paid by the buyer; (4) the plaintiff failed to establish his damages because there was insufficient evidence to show the actual price paid for the equipment itself. The court's resolution of the fourth claim of the defendant is dispositive of this case.
Proof of damages is an essential element of the plaintiff's case and it must be proven with reasonable certainty. SimoneCorporation v. C.L. P. Co., 187 Conn. 487, 495, 446 A.2d 1071
(1982). The trier must be provided "with a basis for a reasonable estimate of the damages suffered". Grant v. West Haven Gardens,181 Conn. 379, 387, 435 A.2d 970 (1980); Falco v. James PeterAssociates Inc., 165 Conn. 442, 445, 335 A.2d 301 (1973).
The Agreement between the parties is designated as a "Consignment Agreement". Without ambiguity, it appoints the plaintiff as the "exclusive agent to market all equipment listed. . . ." It requires "Post Offset" to cooperate in demonstration of equipment to qualified prospects, and further provides that "[A]ll equipment will be sold on an individual
basis . . ." (emphases added).
The conveyance by Post Printing, Inc., to Avon was pursuant to a contract which is clearly an agreement for the sale and the purchase of a business. The contract provided for the sale of certain equipment, the good will of the business, customer lists, restrictive covenants of Roger and Scott Clark, the principal actors in Post Printing, Inc., against competition with Avon, the trade name "Post Printing", negatives, art work, and a contract with a key employee of the seller, David Drabowsky. The purchase price for the business was $150,000 and there is simply no way in which the parties, let alone the court, could discern what CT Page 10435 portion of that price is attributable to the equipment which was allegedly covered by the contract between the plaintiff and the defendant. It is the contention of the plaintiff that it was the intention of the parties that the plaintiff would locate purchasers for the defendant's equipment and would be paid a commission for such services.
"A contract must be construed to effectuate the intent of the contracting parties". Bernard v. Bernard, 214 Conn. 99, 109,570 A.2d 690 (1990). "The intention of the parties to a contract is to be determined from the language used interpreted in the light of the situation of the parties and the circumstances connected with the transaction. The question is not what intention existed in the minds of the parties but what intention is expressed in the language used". Leonard Concrete Pipe Co. v. C.W. Blakesleeand Sons Inc., 178 Conn. 594, 598, 424 A.2d 277 (1979). The contract here provided that the plaintiff be paid a commission at a rate to be applied to the price received for each piece of equipment. This price cannot be calculated or reasonably estimated from the evidence before the court. The plaintiff argues that the defendant, in his contract with Avon, could and should have broken down the allocations of the sale price of various assets. The court knows of no rule of law that places such an obligation upon a defendant. In point of fact, if it was the intention of the parties either that such allocation should be shown, or that the plaintiff's commission should be calculated on the purchase price of the entire business operation of the defendant, the parties could well have written such an agreement, but they did not do so. "It is not within the power of the court to create new and different agreements". J. Realty. Inc., v.Ahern Development Corp., 189 Conn. 52, 55, 453 A.2d 771 (1983); the court has no authority to rewrite the parties' contract. SeeBank of Boston Connecticut v. Schlesinger, 220 Conn. 152,595 A.2d 872 (1991).
For these same reasons the plaintiff has not proven his entitlement to a commission in the sale to Bellotti. There is no evidence as to the price of the printing equipment sold in the $30,000 transaction, which also included the sale of a van and office furniture.
The plaintiff's count of unjust enrichment must fail because there is no evidence as to the extent to which the defendant Roger Clark benefited, if at all, by either transaction. CT Page 10436
Because the plaintiff has not proven his damages by a preponderance of the evidence, judgment shall enter for the defendant.
D'ANDREA, J.